UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV 18  P 4:24

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. 04-_____

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel, JENNIFER L. TEITELBAUM, <br><br>                                    Plaintiffs<br>v.<br><br>DELTA AIRLINES, Inc., AMERICAN AIRLINES, INC., US AIRWAYS GROUP, INC. d/b/a US AIRWAYS, CONTINENTAL AIRLINES, INC. NORTHWEST AIRLINES, INC., UNITED AIRLINES, INC., AIR CANADA, CHINA EASTERN AIRLINES CORPORATION LIMITED, CHINA SOUTHERN AIRLINES CORPORATION, DEUTSCHE LUFTHANSA, A.G., d/b/a LUFTHANSA AIRLINES, SWISS INTERNATIONAL, LTD., d/b/a SWISSAIR, BRITISH AIRWAYS, PLC, d/b/a BRITISH AIRWAYS, MIDWAY AIRLINES CORP., d/b/a MIDWAY AIRLINES, ALITALIA-LINEE AEREE ITALIAN S.p.A, d/b/a ALITALIA AIRLINES, SOUTHWEST AIRLINES, CO., d/b/a SOUTHWEST AIRLINES, VIRGIN ATLANTIC AIRWAYS, AER LINGUS, AEROFLOT, AIR FRANCE, AIR JAMAICA, AIR NEW ZEALAND, LIMITED, d/b/a AIR NEW ZEALAND, FRONTIER AIRLINES, HAWAIIAN AIRLINES, IBERIA LINEAS AERGAS DE ESPAN, SA, d/b/a IBERIA AIRLINES, JAPAN AIRLINES COMPANY, LTD, d/b/a JAPAN AIRLINES, KLM ROYAL DUTCH AIRLINES, QANTAS EMPIRE AIRWAYS, LTD, d/b/a QANTAS AIRWAYS, and SINGAPORE AIRLINES,<br>                                    Defendants | **04<sup>c</sup> 12450 MEL**<br><br>RECEIPT # 60268<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 30<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. M.P.<br>DATE 11/19/2004<br><br>**COMPLAINT, OF UNITED STATES**<br>(False Claims Act 31 U.S.C. §§ 3729 et seq. and Common Law Causes of Actions)<br><br><br>MAGISTRATE JUDGE JLA |

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | NATURE OF ACTION | 3 |
| II. | JURISDICTION | 3 |
| III. | VENUE | 3 |
| IV. | PARTIES | 4 |
| V. | FALSE CLAIMS ACT | 8 |
| VI. | TIME PERIOD | 8 |
| VII. | PRIOR WARNINGS | 8 |
| VIII. | DAMAGES | 9 |
| IX. | CAUSES OF ACTION | 9 |
| | COUNT I | 9 |
| | COUNT II | 10 |
| | COUNT III | 10 |
| | COUNT IV | 11 |
| | COUNT V | 11 |
| | COUNT VI | 12 |
| | COUNT VII | 12 |
| | COUNT VIII | 13 |
| | COUNT IX | 13 |
| X. | PRAYERS FOR RELIEF | 14 |

## I. NATURE OF THE ACTION

1. The United States brings this action to recover treble damages and civil penalties under the False Claims Act, 32 U.S.C §§ 3729-33, to recover all available damages and other monetary relief under the common law or equitable theories of unjust enrichment, recoupment, disgorgement of unlawfully earned profits, and for statutory restitution.

2. These claims are based upon false, fraudulent inducement claims and false statements defendants made or caused to be made to the United States and to people who have forfeited airline tickets and/or had nonrefundable tickets for airline travel and who paid one or more of the following user fees on taxes to the defendants:

    a.    Passenger facility charge user fee;

    b.    Zip tax user fee; and

    c.    Foreign landing tax or user fee.

## II. JURISDICTION

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and supplemental jurisdiction to entertain the common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a). The Court may exercise personal jurisdiction over the defendants pursuant to 31 U.S.C. § 3732(a) because at least one of the defendants resides or transactions business in the District of Massachusetts.

## III. VENUE

4. Venue is proper in the District of Massachusetts, under U.S.C. § 3732 and 28 U. S.C. § 1391(b) and (c) because at least one of the defendants transacts business in this District.

## IV. PARTIES

5.  The United States of America brings this action on behalf of its agencies such as the Department of Transportation and Federal Aviation Administration, which agencies are involved in the operations and collection of airline user fees.

6.  The Plaintiff and relator, Jennifer L. Teitelbaum, is a citizen of the United States and a resident of Sudbury, Massachusetts.

7.  The defendant, Delta Air Lines, Inc. ("Delta"), is a Delaware corporation with its executive offices located at 1030 Delta Boulevard, Atlanta, State of Georgia. Delta does business and has qualified to do business in the Commonwealth of Massachusetts.

8.  The defendant, American Airlines, Inc. ("American"), is a Delaware corporation with its executive offices at 4333 Amon Carter Boulevard, Fort Worth, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

9.  The defendant, US Airways Group, Inc., d/b/a US Airways ("US Airways"), is a Delaware corporation with its executive offices located at 2345 Capital Drive, Arlington, State of Virginia, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

10. The defendant, Continental Airlines, Inc. ("Continental"), is a Delaware corporation with its executive offices located at 1600 Smith Street, Houston, State of Texas, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

11. The defendant, Northwest Airlines, Inc. ("Northwest"), is a Minnesota corporation with its executive offices located at 2700 Lone Oak Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

12. The defendant, United Airlines, Inc. ("United"), is a Delaware corporation with its executive offices located at 1200 E. Algonquin Road, Elk Grove Township, State of 2700 Lone Oak

Parkway, Eagan, State of Minnesota, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

13. The defendant, Air Canada ("Air Canada"), is a Canadian corporation with its executive offices located in Montreal, Province of Quebec, Dominion of Canada, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

14. The defendant, China Eastern Airlines Corporation Limited ("China Eastern"), is a corporation organized in China with its executive offices located at 2550 Hoqqiao Road, Shanghai, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

15. The defendant, China Southern Airlines Corporation Limited ("China Southern"), is a corporation organized in China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guangdong 510405, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

16. The defendant, Deutsche Lufthansa, A.G., d/b/a Lufthansa Airlines (Lufthansa Airlines), is a corporation organized in Germany, with its executive offices located at Cologne, Germany and it does business and has qualified to do business in the Commonwealth of Massachusetts.

17. The defendant, Swiss International Airlines Ltd, d/b/a Swissair ("Swiss air"), is a corporation organized in Switzerland with executive offices in Basel, Switzerland, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

18. The defendant, British Airways, PLC d/b/a British Airways ("British Airways"), is a corporation organized in Great Britain with executive in Harmondsworth, Great Britain and it does business and has qualified to do business in the Commonwealth of Massachusetts,

19. The defendant, Midway Airlines Corp., d/b/a Midway Airlines ("Midway Airlines")

is a corporation with executive offices at Durham, North Carolina and it does business and has qualified to do business in the Commonwealth of Massachusetts.

20. The defendant, Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia Airlines ("Alitalia Airlines'), is an Italian corporation with executive offices in Rome, Italy and it does business and has qualified to do business in the Commonwealth of Massachusetts.

21. The defendant, Southwest Airlines Co., d/b/a Southwest Airlines ("Southwest Airlines"), is a Texas corporation with executive offices in Dallas, Texas and it does business and has qualified to do business in the Commonwealth of Massachusetts.

22. The defendant, Virgin Atlantic Airways, is a British corporation with executive offices in Heathrow Airport, London England, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

23. The defendant, Aer Lingus, is an Irish corporation with executive offices in Dublin, Ireland and it does business and has qualified to do business in the Commonwealth of Massachusetts.

24. The defendant, Aeroflot, is a Russian corporation with regional offices in New York, New York and it does business and has qualified to do business in the Commonwealth of Massachusetts.

25. The defendant, Air France, is an French corporation with executive offices in Paris, France and it does business and has qualified to do business in the Commonwealth of Massachusetts.

26. The defendant, Air Jamaica, is a Jamaican corporation with regional offices in Miami, Florida and it does business and has qualified to do business in the Commonwealth of Massachusetts.

27. The defendant, Air New Zealand Limited, d/b/a Air New Zealand, is a New Zealand corporation with executive offices in Wellington, New Zealand and it does business and has qualified to do business in the Commonwealth of Massachusetts.

28. The defendant, Frontier Airlines, is a Colorado corporation with executive offices in Denver, Colorado and it does business and has qualified to do business in the Commonwealth of Massachusetts.

29. The defendant, Hawaiian Airlines, is an Hawaiian corporation with executive offices in Honolulu, Hawaii and it does business and has qualified to do business in the Commonwealth of Massachusetts.

30. The defendant, Iberia, Lineas Aergas de Espana, SA d/b/a Iberia Airlines, is a Spanish corporation with executive offices in Madrid, Spain and it does business and has qualified to do business in the Commonwealth of Massachusetts.

31. The defendant, Japan Airlines, is a Japanese corporation with executive offices in Tokyo, Japan and it does business and has qualified to do business in the Commonwealth of Massachusetts.

32. The defendant, KLM Royal Dutch Airlines, is a Netherlands corporation with executive offices in Amsterdam, Netherlands, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

33. The defendant, Qantas Empire Airways LTD d/b/a Qantas Airlines, is an Australian corporation with executive offices in Brisbane, Australia and it does business and has qualified to do business in the Commonwealth of Massachusetts.

34. The defendant, Singapore Airlines, is a Singaporean corporation with executive offices in Singapore and it does business and has qualified to do business in the Commonwealth of Massachusetts.

## V. THE LAW

35. The False Claims Act (FCA) provides, in pertinent part that:

(a) Any person who (1) knowingly presents or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; or (7) knowingly makes, uses, or causes to be made or used, false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government . . .

****

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three (3) times the amount of damages which the Government sustains because of the act of that person.

36. 31 U.S.C. § 3729(a) and(b):

For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and not proof of specific intent to defraud is required.

## VI. TIME PERIOD

37. The claims made herein are for a minimum of six (6) years from November 20, 1998 onward and for up to ten (10) years from November 20, 1994 as to the violations complaint of herein constitute ongoing violations.

## VII. PRIOR WARNINGS

38. On several occasions the expert retained on behalf of the relator tried to notify both the Air Transport Association of America (ATA) and the Airlines Reporting Corporation (ARC) the matter of the Defendant airlines' refusal to return unused foreign taxes and user fees on non-refundable or forfeited tickets, but to not avail. Both the ATA and the ARC saw this as a matter, which could have potentially serious implications, and both refused to take any position or responsibility for the "unjust enrichment." As the Defendant airlines would not consider refunding or paying to United States or

respective government agencies the funds collected by them and the respective government agencies.

## VIII. DAMAGES

39. The United States was damaged because of the acts of the defendants in submitting false or fraudulent statements and records of the user fees collected and by failing to pay to the United States or to the ticket purchasers said collected user fees

40. The defendants knowingly made, used, or caused to be made or used false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of these person that persons and companies..

## IX. CAUSES OF ACTION

### COUNT I

*(False Claims Act: Presentation of False Claims)*
*(32 U.S.C.§ 3729 (a)(1))*

*(All Defendants)*

41. Plaintiff repeats and realleges each allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. All defendants, and each of them falsely and fraudulently as well as knowingly used false records or statements which concealed and avoided paying debts and transmitted funds owed to the United States.

43. By virtue of the false or fraudulent acts, statements and claims made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT II

### (False Claims Act: Making or Using False Record or Statement)
### (31 U.S.C.§ 3729 (a)(2))

### (All Defendants)

44. Plaintiff repeats and realleges each allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

45. All defendants, and each of them knowingly used, or caused to be made or used, false records or statements to conceal to avoid paying obligations owed the United States.

46. By virtue of the false records record or statements made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT III

### (False Claims Act: Reverse False Claims)
### (31 U.S.C.§ 3729 (a)(7))

### (All Defendants)

47. Plaintiff repeats and realleges each allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

48. All defendants, and each of them knowingly made, used, or caused to be made or used a false record or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the United States.

49. By virtue of the false records record or statements made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT IV

### (False Claims Act: Conspiracy)
### (31 U.S.C.§ 3729 (a)(3))

### (All Defendants)

50.  Plaintiff repeats and realleges each allegation in paragraph 1 through 40 as if fully set forth herein.

51.  The defendants each submitted false claims, statements and records identified herein.

52.  By virtue of the false records record or statements made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT V

### (Unjust Enrichment)

### (All Defendants)

53.  Plaintiff repeats and realleges each allegation in paragraphs 1 through 40 as if fully set forth herein.

54.  This is a claim for the recovery of monies by which the defendants have been unjustly enriched.

55.  By directly or indirectly obtaining government funds to which they were not entitled, all defendants were unjustly enriched, and are liable to account and pay such amounts, or the proceeds or profits therefrom, which are to be determined at trial to the United States.

## COUNT VI

### *(Common Law Recoupment)*

### *(All Defendants)*

56.     Plaintiff repeats and realleges each allegation in paragraphs 1 through 40 as if fully set forth herein.

57.     This is a claim for common law recoupment, for recovery of monies which each of the defendants unlawfully kept for themselves and failed to pay to the United States.

58.     Each of the defendants collected said user fees, which sums of money to which they were not entitled and the defendants are thus liable under the common law of recoupment to account and return such amounts, which are to be determined at trial, to the United States.

## COUNT VII

### *(Common Law Fraud)*

### *(All Defendants)*

59.     Plaintiff repeats and realleges each allegation in paragraphs 1 through 40 as if fully set forth herein.

60.     Each of the defendants knowingly and intentionally made material and false representations in their reports and payments to the United States with knowledge of their falsity or reckless disregard for their truth, with the intention that the government act upon said misrepresentations to its detriment. The government accepted such representations and reports and acted in justifiable reliance upon those misrepresentations to its detriment, as millions of dollars of collected user fees were wrongfully retained by the defendants.

61.     By reason of the above-stated actions by each of the defendants, the United States has been damaged in a yet undetermined amount, which shall be proven at trial.

## COUNT VIII

### *(Disgorgement of Illegal Profits, Imposition of a Constructive Trust and an Accounting)*

#### *(All Defendants)*

62. Plaintiff repeats and realleges each allegation in paragraphs 1 through 40 as if fully set forth herein.

63. This claim is for disgorgement of unearned funds collected as user fees or taxes from airline ticket purchasers which the airlines failed to pay to the plaintiff.

64. The United Stares, acting in reasonable reliance on the accuracy and truthfulness of the defendants' reports and representations, did not detect defendants' false and improper conduct.

65. By this claim, the United States requests a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds and/or imposition of a constructive trust in favor of the United States on those profits.

## COUNT IX

### *(Civil Conspiracy)*

#### *(All Defendants)*

66. Plaintiff United States repeats and realleges each allegation in paragraphs 1 through 40 as if fully set forth herein.

67. The defendants joined together and committed a civil conspiracy to unjustly enrich themselves with a manifest common plan of not informing the plaintiff of its rights to funds obtained and the defendants were willing participants of the common plan and its execution to wrongfully retain said funds and each took affirmative steps required in order to achieve this desired result. On several occasions, requests were made to and the airlines association had been contacted as to the claims

made herein of the airlines' refusal to pay to the plaintiffs unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail.

68.     As a result of the defendants' conduct, the plaintiff has suffered monetary losses and the defendants are, or should be, jointly and severally liable to the plaintiff for making restitution as prayed for herein.

## X. PRAYERS FOR RELIEF

Wherefore, plaintiff prays for judgment as follows:

1.     Judgment False Claims Act, against all defendants for the amount of the United States' damages, trebled as required by law, and such civil penalties as are required by law, together with all such relief as may be just and proper.

2.     Judgment for unjust enrichment against all defendants for the damages sustained and/or for an accounting and disgorgement of amounts by which defendants were unjustly enriched plus interest, costs, expenses and reasonable attorney's fees and such further relief as may be just and proper.

3.     Judgment recoupment and for the damages sustained by the United States, plus interest, costs, expenses, reasonable attorney's fees and such further relief as may be just and proper.

4.     Judgment for restitution against the defendants for the losses sustained by the United States.

5.     Judgment for fraud and civil conspiracy against the defendants for compensatory and punitive damages, together with costs and interest for such further relief as may be meet, just and proper.

6.     Judgement for disgorgement against all defendants, for an accounting and disgorgement of the profits defendants obtained illegally, plus interest, costs, and expenses, and reasonable attorney's fees and such further relief as may be meet, just and proper.

Respectfully submitted,

UNITED SATES OF AMERICA, EX REL
JENNIFER L. TEITELBAUM

By their attorney

_____
Evans J. Carter, Esq. (BBO #076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P. O. Box 966
Framingham, MA 01701
(508) 620-0140

Dated: November 18, 2004



**AIRLINE TRAINING COUNCIL**
8 Wellesley Street East - Suite 1102
Toronto, Ontario M4Y 3B2 Canada
Tel:     416-922-8911
Fax:     416-922-0039
E-mail:  postmaster@airlinetraining.org

Toronto, 18 December 2003

Mr. Evans J. Carter, P.C.
Attorney-at-Law
Hargraves, Karb, Wilcox, and Galvani, LLP
550 Cochituate Road
Framingham, MA 01701 USA

Re: <u>Potential Class Action Lawsuit Against Airlines</u>

Dear Evans:

Thank you for the executed Expert Witness/Consulting Agreement and your check for USD 300.00. I am forwarding to you under separate cover a copy of the Agreement duly completed from my side.

Further to our telephone conversation, I do believe that there is a substantial claim against the airlines for monies collected as user fees and taxes which were never remitted to the assessing authorities. As I stated, however, this would not apply to U.S. excise taxes (U.S. air transportation tax), as this tax is attracted to the purchase of air transportation, not the usage of it. I am attaching, as a separate document, IRS Publication 510 (please see page 5).

I also wish to state that I attempted on several occasions to rectify and clarify with both the Air Transport Association of America (ATA) and the Airlines Reporting Corporation (ARC) the matter of the airlines' refusal to return unused foreign taxes and user fees on non-refundable or forfeited tickets – to no avail. Both ATA and ARC saw this as a matter which could have potentially serious implications, and both refused to take any position or responsibility for this "unjust enrichment".

I would be pleased to assist your proposed case if my services and expertise are deemed to be appropriate and needed. Please let me know.

Thank you for giving me the opportunity to express my opinion in this matter.

Happy Holidays.

Sincerely yours,

*Bruce Bishins*

Bruce Bishins, CTC
Executive Director

EXHIBIT
A

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America, ex rel
Jennifer L. Teitelbaum

### DEFENDANTS
Delta Airlines, et al.

2004 NOV 18 P 4: 24
U.S. DISTRICT COURT

(b) County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  State of Georgia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Evans J. Carter, Esq.
HARGRAVES, KARB, WILCOX & GALVANI, LLP
550 Cochituate Road - P.O. Box 966
Framingham, MA 01701-0966

Attorneys (If Known)
04 - 12450 MEL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☒ 890 Other Statutory Actions FALSE CLAIMS ACT |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

31 U.S.C. §§ 3729 et seq. - False Claims Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 11/18/04
SIGNATURE OF ATTORNEY OF RECORD
Evans J. Carter, Esq.

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) United States of America, Fex Rel Jennifer L. Teitelbaum v. Delta Air Lines, Inc., et al.

   FILED
   IN CLERKS OFFICE
   2004 NOV 18 P 4:24
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   04-12450 MEL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Evans J. Carter, Esq.
ADDRESS  P.O. Box 966
TELEPHONE NO.  (508) 620-0140       E-Mail: ecarter@hkwg.com

(Coversheetlocal.wpd - 10/17/02)