**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

**CIVIL ACTION NO. 04-12450-MEL**

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA EX REL,
JENNIFER L. TEITELBAUM,

*Plaintiff*

v.

ALASKA AIRLINES, INC., AMERICAN
AIRLINES, INC., CONTINENTAL AIRLINES,
INC., CHINA EASTERN AIRLINES
CORPORATION LIMITED, CHINA
SOUTHERN AIRLINES CORPORATION,
DEUTSCHE LUFTHANSA, A.G., D/B/A
LUFTHANSA AIRLINES, BRITISH
AIRWAYS, PLC, D/B/A BRITISH
AIRWAYS, ALITALIA-LINEE AEREE
ITALIAN S.P.A, D/B/A ALITALIA
AIRLINES, SOUTHWEST AIRLINES, CO.,
D/B/A SOUTHWEST AIRLINES, VIRGIN
ATLANTIC AIRWAYS, AER LINGUS, AIR
FRANCE, AIR JAMAICA, HAWAIIAN
AIRLINES, IBERIA LINEAS AERGAS DE
ESPAN, SA, D/B/A IBERIA AIRLINES,
JAPAN AIRLINES COMPANY, LTD, D/B/A
JAPAN AIRLINES, KLM ROYAL DUTCH
AIRLINES, QUANTAS EMPIRE AIRWAYS,
LTD, D/B/A QUANTAS AIRWAYS,
SINGAPORE AIRLINES, AIR TRAN
AIRWAYS, SA, ATA AIRLINES, INC.,
AND JETBLUE AIRWAYS CORP.,

*Defendants*

**AMENDED COMPLAINT,**
**of UNITED STATES**
**(False Claims Act 31 U.S.C. §§ 3729**
**et seq. and Common Law Causes**
**of Action)**

## TABLE OF CONTENTS

1.   NATURE OF ACTION ...................................................................3

2.   JURISDICTION ..........................................................................3

3.   VENUE .....................................................................................4

4.   DEFINITIONS OF TERMS USED IN THIS ACTION ........................4

5.   PARTIES ...................................................................................7

6.   FALSE CLAIMS ACT ..................................................................10

7.   TIME PERIOD ...........................................................................11

8.   PRIOR WARNINGS ....................................................................11

9.   DAMAGES .................................................................................11

10.  CAUSES OF ACTION ..................................................................12

     COUNT I...................................................................................12

     COUNT II .................................................................................12

     COUNT III ................................................................................13

     COUNT IV .................................................................................13

     COUNT V ..................................................................................14

     COUNT VI..................................................................................14

     COUNT VII ................................................................................15

     COUNT VIII ...............................................................................15

     COUNT IX .................................................................................16

X.   PRAYERS FOR RELIEF ...............................................................16

## I. NATURE OF THE ACTION

1.     The United States brings this action to recover treble damages and civil penalties under the False Claims Act, 32 U.S.C " 3729-33, to recover all available damages and other monetary relief under the common law or equitable theories of unjust enrichment, recoupment, disgorgement of unlawfully earned profits, and for statutory restitution.

2.     These claims are based upon false, fraudulent inducement claims and false statements defendants made or caused to be made to the United States and to people who have forfeited airline tickets and/or had nonrefundable tickets for airline travel and who paid one or more of the following user fees or taxes to the defendants:

      a.     Passenger Facility Charges (PFCs) imposed under 14 C.F.R. part. 158;

      b.     U.S. Customs user fees imposed under 19 C.F.R. § 24.22(g);

      c.     Immigration user fees imposed under 8 C.F.R. part 286;

      d.     Agricultural inspection user fees imposed under 7 C.F.R. § 354(f);

      e.     U.S. Security Service fees imposed under 49 C.F.R. part 1510 (also called the "September 11[th] Security Fee"); and

      f.     Foreign charges under 26 U.S.C. § 4261 et seq.

## II. JURISDICTION

3.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1345 and supplemental jurisdiction to entertain the common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a). The Court may exercise personal jurisdiction over the defendants pursuant to 31 U.S.C. § 3732(a) because at least one of the defendants resides or transactions business in the District of Massachusetts.

### III. VENUE

4.      Venue is proper in the District of Massachusetts, under U.S.C. § 3732 and 28 U. S.C. ' 1391(b) and (c) because at least one of the defendants transacts business in this District.

### IV.    DEFINITIONS OF TERMS USED IN THIS ACTION

5.      In this action:

(a)      The term "taxes, fees, and charges" refers generally to PFCs, Federal user fees, and foreign taxes, fees, and charges.

(b)      The term "Passenger Facility Charge" (or "PFC") refers to a charge under 14 C.F.R. part 158 and 49 U.S.C. § 40117. On ARC-compliant travel documents, this charge is designated "XF". (The charge is a $1, $2, $3, $4, or $4.50 charge assessed by an regional or local public agency for approved airport improvements. These fees are authorized by the Federal Aviation Administration to be imposed by the public agency under Federal law.)

(c)      The term "Federal user fees" refers collectively to the following federally imposed fees:

(1)      A U.S. customs user fee under 19 C.F.R. part 24 (particularly § 24.22(g)(1)). On ARC-compliant travel documents, this charge is designated "YC". (The fee is $5 on tickets originating outside the U.S., Canada, Mexico, and the Caribbean area.)

(2)      An immigration user fee under 8 C.F.R. part 286. On ARC-compliant travel documents, this charge is usually designated "XY" if it is designated. (The fee is $7 on international tickets into the U.S., Puerto Rico, Guam, St. Croix, St. John, or St. Thomas.)

(3)      An agricultural quarantine and inspection (AQI) user fee (also known as an APHIS fee) under 7 C.F.R. § 354(f). On ARC-compliant travel documents, this charge is

usually designated "XA" if it is designated. (The fee is $3.10, indexed after Oct. 1, 2001, for international travel into the U.S. or Puerto Rico, other than from Canada.)

(4)    A U.S. security service fee (also called the "September 11th Security Fee") under 49 C.F.R. part 1510. On ARC-compliant travel documents, this charge is usually designated "AY" if it is designated. (The fee is $2.50 per enplanement at a U.S. airport, up to 2 per one-way trip or 4 per round trip.)

(d)    The term "foreign charges" refers to foreign charges, in the form of taxes and fees, as required by pan-national authorities, national, regional, and local governments, or other levying authorities outside the United States, including territories or possessions of the United States not subject to U.S. excise taxes (under § 4261 *et seq.* of the Internal Revenue Code of 1986 (26 U.S.C. § 4261 *et seq.*)) on domestic tickets.

## Description of Taxes, Fees, and Charges

6.    Several types of taxes and fees are collected from Air Passengers by the Airline Industry on behalf of the United States Government agencies, State, local, and regional authorities, and foreign governments. These include PFCs, Federal user fees, and foreign charges.

7.    Air carriers are required to collect PFCs and Federal user fees, which must be held in "trust" by the collecting air carrier.

8.    The air carrier collecting the funds must also periodically remit the fees to the appropriate fee-levying authorities, maintain accounting systems and methods and submit to external audits, and submit regular reports or statements about their fee-collecting and remitting activities.

## User fees due when 'service' is 'used'

9.    The nature of user fees is to become due (that is, the fee is required to be paid to the fee-levying authority) only if or when the passenger actually 'uses' the 'service.' PFCs and Federal user fees are due as follows:

(a)    PFCs and U.S. security services fees (September 11th Security Fees) are due upon passenger "enplanement."

(b)    Agricultural inspection user fees are due "upon arrival" of the passenger from abroad.

(c)    Immigration user fees are due for passengers "arriving" from abroad.

(d)    U.S. Customs user fees are paid for "services provided in connection with arrival of each passenger" from outside the Customs territory of the United States.

10.    What constitutes 'use' varies slightly from fee to fee, but all amount to the same thing: If a passenger doesn't use the fee, the fee does not have to be paid to the fee-levying authority.

11.    Consequently, in the context of the refund and trust regulatory language discussed above, if the fee never becomes due to the levying authority, it should be returned to the person who paid the fee.

12.    This is especially true where the collecting carrier 'holds neither legal nor equitable interest' in the fees. (*See* 14 C.F.R. § 158.5 (PFCs); 49 C.F.R. § 1510.9(a) (U.S. security service fees); 7 C.F.R. § 354.3(f)(1) (agricultural inspection user fees); 8 C.F.R. § 286.2(a) (immigration user fees); 19 C.F.R. § 24.22(g)(1)(i)–(ii) (U.S. Customs user fees).)

## V. PARTIES

13.     The United States of America brings this action on behalf of its agencies such as the Department of Transportation and Federal Aviation Administration, which agencies are involved in the operations and collection of airline user fees.

14.     The Plaintiff and relator, Jennifer L. Teitelbaum, is a citizen of the United States and a resident of Sudbury, Massachusetts.

15.     The defendant, Alaska Air Lines, Inc. ("Alaska") is an Alaska corporation with its principal offices in Seattle, Washington, and has registered with the Secretary of the Commonwealth of Massachusetts as a foreign corporation.

16.     The defendant, American Airlines, Inc. ("American"), is a Delaware corporation with its executive offices in Fort Worth, State of Texas, and has registered with the Secretary of the Commonwealth of Massachusetts.

17.     The defendant, Continental Airlines, Inc. ("Continental"), is a Delaware corporation with its executive offices located in Houston, State of Texas, and has registered with the Secretary of the Commonwealth of Massachusetts.

18.     The defendant, China Eastern Airlines Corporation Limited ("China Eastern"), is a corporation organized in China with its executive offices located at 2550 Hoqqiao Road, Shanghai, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

19.     The defendant, China Southern Airlines Corporation Limited ("China Southern"), is a corporation organized in China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guangdong 510405, China and it does business and has qualified to do business in the Commonwealth of Massachusetts.

20.     The defendant, Deutsche Lufthansa, A.G., d/b/a Lufthansa Airlines ("Lufthansa Airlines"), is a corporation organized in Germany, with its executive offices located at Cologne, Germany and it does business and has qualified to do business in the Commonwealth of Massachusetts.

20.     The defendant, JetBlue Airways Corporation ("JetBlue") is a Delaware corporation with its executive office in Forest Hills, New York, and offices at 500 Terminal E, East Boston, Massachusetts, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

22.     The defendant, British Airways, PLC d/b/a British Airways ("British Airways"), is a corporation organized in Great Britain with executive in Harmondsworth, Great Britain and it does business and has qualified to do business in the Commonwealth of Massachusetts,

23.     The defendant, Alitalia-Linee Aeree Italiane S.p.A, d/b/a Alitalia Airlines ("Alitalia") is an Italian corporation with executive offices in Rome, Italy and it does business and has qualified to do business in the Commonwealth of Massachusetts.

24.     The defendant, Southwest Airlines Co., d/b/a Southwest Airlines ("Southwest") is a Texas corporation with executive offices in Dallas, Texas and it does business and has qualified to do business in the Commonwealth of Massachusetts.

25.     The defendant, Virgin Atlantic Airways, ("Virgin") is a British corporation with executive offices in Heathrow Airport, London England, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

26.     The defendant, Aer Lingus, is an Irish corporation with executive offices in Dublin, Ireland and it does business and has qualified to do business in the Commonwealth of Massachusetts.

27.     The defendant, Air Tran Airways, is a corporation with its executive offices in Atlanta Georgia, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

28.     The defendant, Air France, is an French corporation with executive offices in Paris, France and it does business and has qualified to do business in the Commonwealth of Massachusetts.

29.     The defendant, Air Jamaica, is a Jamaican corporation with regional offices in Miami, Florida and it does business and has qualified to do business in the Commonwealth of Massachusetts.

30.     The defendant, ATA Airlines, Inc., is a corporation with its executive offices in Indianapolis, Indiana, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

31.     The defendant, Hawaiian Airlines, is an Hawaiian corporation with executive offices in Honolulu, Hawaii and it does business and has qualified to do business in the Commonwealth of Massachusetts.

32.     The defendant, Iberia, Lineas Aergas de Espana, SA d/b/a Iberia Airlines, is a Spanish corporation with executive offices in Madrid, Spain and it does business and has qualified to do business in the Commonwealth of Massachusetts.

33.     The defendant, Japan Airlines, is a Japanese corporation with executive offices in Tokyo, Japan and it does business and has qualified to do business in the Commonwealth of Massachusetts.

34.     The defendant, KLM Royal Dutch Airlines, is a Netherlands corporation with executive offices in Amsterdam, Netherlands, and it does business and has qualified to do business in the Commonwealth of Massachusetts.

35.    The defendant, Qantas Empire Airways LTD d/b/a Qantas Airlines, is an Australian corporation with executive offices in Brisbane, Australia and it does business and has qualified to do business in the Commonwealth of Massachusetts.

36.    The defendant, Singapore Airlines, is a Singaporean corporation with executive offices in Singapore and it does business and has qualified to do business in the Commonwealth of Massachusetts.

## VI.  THE LAW

37.    The False Claims Act (FCA) provides, in pertinent part that:

> (a) Any person who (1) knowingly presents or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; or (7) knowingly makes, uses, or causes to be made or used,  false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government . . .

****

> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three (3) times the amount of damages which the Government sustains because of the act of that person.

38.    31 U.S.C. § 3729(a) and(b):

> For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and not proof of specific intent to defraud is required.

## VII.  TIME PERIOD

39.     The claims made herein are for a minimum of six (6) years from November 20, 1998 onward and for up to ten (10) years from November 20, 1994 as to the violations complaint of herein constitute ongoing violations.

## VIII.  PRIOR WARNINGS

40.     On several occasions the expert retained on behalf of the relator tried to notify both the Air Transport Association of America (ATA) and the Airlines Reporting Corporation (ARC) the matter of the Defendant airlines' refusal to return unused foreign taxes and user fees on non-refundable or forfeited tickets, but to not avail. Both the ATA and the ARC saw this as a matter, which could have potentially serious implications, and both refused to take any position or responsibility for the "unjust enrichment." As the Defendant airlines would not consider refunding or paying to United States or respective government agencies the funds collected by them and the respective government agencies.

## IX.  DAMAGES

41.     The United States was damaged because of the acts of the defendants in submitting false or fraudulent statements and records of the user fees collected and by failing to pay to the United States or to the ticket purchasers said collected user fees

42.     The defendants knowingly made, used, or caused to be made or used false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of these person that persons and companies.

## X. CAUSES OF ACTION

## COUNT I

### *(False Claims Act: Presentation of False Claims)*
### *(32 U.S.C. § 3729 (a)(1))*

### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 42, inclusive, as if fully set forth herein.

43.    All defendants, and each of them falsely and fraudulently as well as knowingly used false records or statements which concealed and avoided paying debts and transmitted funds owed to the United States.

44.    By virtue of the false or fraudulent acts, statements and claims made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT II

### *(False Claims Act: Making or Using False Record or Statement)*
### *(31 U.S.C. § 3729 (a)(2))*

### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 44, inclusive, as if fully set forth herein.

45.    All defendants, and each of them knowingly used, or caused to be made or used, false records or statements to conceal or avoid paying obligations owed the United States.

46.    By virtue of the false records record or statements made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT III

### *(False Claims Act: Reverse False Claims)*
### *(31 U.S.C. § 3729 (a)(7))*

#### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

47.    All defendants, and each of them knowingly made, used, or caused to be made or used a false record or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the United States.

48.    By virtue of the false records record or statements made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT IV

### *(False Claims Act: Conspiracy)*
### *(31 U.S.C.§ 3729 (a)(3))*

#### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraph 1 through 48 as if fully set forth herein.

49.    The defendants each submitted false claims, statements and records identified herein.

50.    By virtue of the false records record or statements made by the defendants, the United States suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalty of $5,000 to $10,000 for each violation.

## COUNT V

### *(Unjust Enrichment)*

### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 50as if fully set forth herein.

51.     This is a claim for the recovery of monies by which the defendants have been unjustly enriched.

52.     By directly or indirectly obtaining government funds to which they were not entitled, all defendants were unjustly enriched, and are liable to account and pay such amounts, or the proceeds or profits therefrom, which are to be determined at trial to the United States.

## COUNT VI

### *(Common Law Recoupment)*

### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 52 as if fully set forth herein.

53.     This is a claim for common law recoupment, for recovery of monies which each of the defendants unlawfully kept for themselves and failed to pay to the United States.

54.     Each of the defendants collected said user fees, which sums of money to which they were not entitled and the defendants are thus liable under the common law of recoupment to account and return such amounts, which are to be determined at trial, to the United States.

## COUNT VII

### *(Common Law Fraud)*

### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 54 as if fully set forth herein.

55.    Each of the defendants knowingly and intentionally made material and false representations in their reports and payments to the United States with knowledge of their falsity or reckless disregard for their truth, with the intention that the government act upon said misrepresentations to its detriment. The government accepted such representations and reports and acted in justifiable reliance upon those misrepresentations to its detriment, as millions of dollars of collected user fees were wrongfully retained by the defendants.

56.    By reason of the above-stated actions by each of the defendants, the United States has been damaged in a yet undetermined amount, which shall be proven at trial.

## COUNT VIII

### *(Disgorgement of Illegal Profits, Imposition of a Constructive Trust and an Accounting)*

### *(All Defendants)*

Plaintiff repeats and realleges each allegation in paragraphs 1 through 57 as if fully set forth herein.

57.    This claim is for disgorgement of unearned funds collected as user fees or taxes from airline ticket purchasers which the airlines failed to pay to the plaintiff.

58.    The United Stares, acting in reasonable reliance on the accuracy and truthfulness of the defendants' reports and representations, did not detect defendants' false and improper conduct.

59.     By this claim, the United States requests a full accounting of all revenues (and interest thereon) and costs incurred as well as the disgorgement of all profits earned from the said funds and/or imposition of a constructive trust in favor of the United States on those profits.

## COUNT IX

### *(Civil Conspiracy)*

### *(All Defendants)*

Plaintiff United States repeats and realleges each allegation in paragraphs 1 through 59 as if fully set forth herein.

60.     The defendants joined together and committed a civil conspiracy to unjustly enrich themselves with a manifest common plan of not informing the plaintiff of its rights to funds obtained and the defendants were willing participants of the common plan and its execution to wrongfully retain said funds and each took affirmative steps required in order to achieve this desired result. On several occasions, requests were made to and the airlines association had been contacted as to the claims made herein of the airlines' refusal to pay to the plaintiffs unused foreign taxes and user fees on nonrefundable or forfeited tickets but to no avail.

61.     As a result of the defendants' conduct, the plaintiff has suffered monetary losses and the defendants are, or should be, jointly and severally liable to the plaintiff for making restitution as prayed for herein.

## XI.  PRAYERS FOR RELIEF

Wherefore, plaintiff prays for judgment as follows:

1.     Judgment False Claims Act, against all defendants for the amount of the United States' damages, trebled as required by law, and such civil penalties as are required by law, together

with all such relief as may be just and proper.

2.      Judgment for unjust enrichment against all defendants for the damages sustained and/or for an accounting and disgorgement of amounts by which defendants were unjustly enriched plus interest, costs, expenses and reasonable attorney's fees and such further relief as may be just and proper.

3.      Judgment recoupment and for the damages sustained by the United States, plus interest, costs, expenses, reasonable attorney's fees and such further relief as may be just and proper.

4.      Judgment for restitution against the defendants for the losses sustained by the United States.

5.      Judgment for fraud and civil conspiracy against the defendants for compensatory and punitive damages, together with costs and interest for such further relief as may be meet, just and proper.

6.      Judgment for disgorgement against all defendants, for an accounting and disgorgement of the profits defendants obtained illegally, plus interest, costs, and expenses, and reasonable attorney's fees and such further relief as may be meet, just and proper.

Respectfully submitted,

UNITED SATES OF AMERICA, EX REL
JENNIFER L. TEITELBAUM

By their attorney

/s/ Evans J. Carter
Evans J. Carter, Esq. (BBO #076560)
Evans J. Carter, P.C.
P. O. Box 812
Framingham, MA 01701
(508) 875-1669

Dated:   November 17, 2005