UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TEITALBAUM,<br><br>                  **Plaintiffs,**<br><br>*v.*<br><br>ALASKA AIRLINES, *ET AL.*,<br><br>                  **Defendants.** | Civil Action No. 04-12450-MEL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
BY HAWAIIAN AIRLINES, INC.**

Defendant Hawaiian Airlines, Inc. (referred to herein as "Hawaiian" or the "Reorganized

Debtor") respectfully requests that this Court dismiss, as to Hawaiian, the *qui tam* amended

complaint (the "Amended Complaint") in this action.  Hawaiian filed for bankruptcy protection

on March 21, 2003 and, following the confirmation of a chapter 11 plan of reorganization, was

discharged from all of its debts -- including the claims by Jennifer L. Teitelbaum ("Relator") --

by order dated May 18, 2005.  As explained in further detail below, the effect of the discharge

granted to Hawaiian under 11 U.S.C. §§ 524 and 1141 enjoins this lawsuit and mandates

dismissal with prejudice as to Hawaiian.

I.      **FACTUAL BACKGROUND**

Hawaiian filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on

March 21, 2003 (the "Petition Date") [Case No. 03-00817, docket # 1].[1]  The bankruptcy filing

---

[1] Hawaiian respectfully submits that the Court may take judicial notice of the relevant
bankruptcy related filings in the Bankruptcy Court. *See Town of Norwood, Mass. v. New
England Power Co.*, 202 F. 3d 408, 412 (1st Cir. 2000); *Lee v. City of Los Angeles*, 250 F.3d 668,
689 (9th Cir. 2001) (holding that a court may take judicial notice of "matters of public record" to

operated as an automatic stay as to the commencement of any action against Hawaiian. 11

U.S.C. § 362(a).  On July 3, 2003, Joshua Gotbaum (the "Trustee") was appointed as chapter 11

trustee in the Hawaiian bankruptcy case.

The Relator filed the original complaint against Hawaiian, and many others, pursuant to

31 U.S.C. § 3730, the *qui tam* or "whistleblower provision" of the False Claims Act, 31 U.S.C.

§§ 3729-33 ("FCA") on November 18, 2004 (docket # 1).  At that time, Hawaiian had not

emerged from bankruptcy, and the automatic stay remained in effect, meaning that the original

complaint was void *ab initio* as against Hawaiian.[2]  The United States Bankruptcy Court for the

District Court of Hawaii (the "Bankruptcy Court") subsequently entered an order (the

"Confirmation Order"), [Case No. 03-817, docket # 4958], approving confirmation of the Third

Amended Joint Plan of Reorganization of Joshua Gotbaum, as Chapter 11 Trustee for Hawaiian

Airlines, Inc., the Official Committee of Unsecured Creditors, HHIC, Inc., Hawaiian Holdings,

Inc. and RC Aviation, LLC dated as of March 11, 2005 (the "Joint Plan"), [Case No. 03-817,

docket # 4604], on May 18, 2005.  The Joint Plan and Confirmation Order provides for the

discharge of all claims against Hawaiian that arose prior to May 18, 2005 and the injunction of

any action against Hawaiian to pursue those claims.  For example, Section 13.4 of the Joint Plan

expressly provides for the discharge of all "Claims" and "Administrative Expense Claims."

> Except as provided in the Joint Plan or the Confirmation Order,
> Confirmation will discharge the Debtor and Reorganized Debtor
> from all Claims, Administrative Expense Claims or other debts that
> arose before the Confirmation Date . . . .

---

the extent such matters are not subject to reasonable dispute).  Courts may consider matters that
they may take judicial notice of without converting a motion to dismiss into one for summary
judgment. *See Greene v. Rhode Island*, 398 F. 3d 45, 48 (1st Cir. 2005); *Lovelace v. Software
Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996); *Parrino v. FHP, Inc.*, 146 F.3d 699,
706 (9th Cir. 1998).

[2] Actions taken in violation of the automatic stay are void *ab initio*. *See In re Soares*, 107 F.3d
969 (1st Cir. 1997).

Pursuant to the Joint Plan, a Claim "means a 'claim,' as defined in section 101(5) of the Bankruptcy Code, against the Debtor," which is defined broadly and includes, at a minimum, any actions that occurred prior to the Petition Date. Joint Plan, § 1.28. *See* Exhibit 1. The Joint Plan further defines the term "Administrative Expense Claim" to include any postpetition claims:

> [A]ny claim alleged to have priority under sections 503(b) and 507(a)(1) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor during the Reorganization Case, all compensation and reimbursement of expenses allowed by the Bankruptcy Court under sections 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the estate of the Debtor under section 1930 of chapter 123 of title 28 of the United States Code.

Joint Plan, § 1.2. Therefore, the scope of claims subject to the discharge runs from the beginning of the world through and including the Confirmation Date of May 18, 2005. The claims asserted in the Amended Complaint are clearly within that scope.

Consistent with section 13.4 of the Joint Plan, Paragraph 24 of the Confirmation Order states in relevant part:

> Pursuant to Section 13.4 of the Joint Plan, and except as otherwise expressly provided in the Joint Plan or as otherwise agreed to in writing by the Debtor since the Petition Date: (A) the rights afforded in the Joint Plan and the treatment of all Administrative Expense Claims, Claims, and Interests therein shall be in exchange for and in complete satisfaction, discharge, and release of any and all Administrative Expense Claims, Claims, and Interests of any nature whatsoever, including any interest, fees, or penalties accrued on or relating to such Administrative Expense Claims or Claims whether before or after the Petition Date, against the Debtor and the Debtor in Possession, or any of its assets or properties; (B) *on the Effective Date, except as otherwise provided for in the Joint Plan, the Debtor and Reorganized Debtor shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Administrative Expense Claims, Claims, and Interests, including, but not limited to, demands, liabilities, Administrative Expense Claims, Claims, and Interests that arose before the Confirmation Date*[.] Except as provided in the Joint Plan, as of the Confirmation Date, *all Persons*

> *shall be precluded from asserting against the Debtor or the*
> *Reorganized Debtor any other or further Claims, Administrative*
> *Expense Claims,* Interests, debts, rights, causes of action, liabilities
> or equity interests based on any act, omission, transaction or other
> activity *of any kind or nature that occurred before the*
> *Confirmation* Date.

Confirmation Order at ¶ 24 (emphasis added). *See* Exhibit 2.

In addition, the Confirmation Order imposes a specific injunction with respect to Claims

and Administrative Expenses.

> Except as otherwise expressly provided in the Joint Plan, this
> Confirmation Order, or as otherwise agreed to in writing by the
> Debtor since the Petition Date, the documents executed pursuant to
> the Joint Plan, or this Confirmation Order, on and after the
> Effective Date, all persons and entities who have held, currently
> hold, or may hold a debt, Administrative Expense Claim, Claim, or
> Interest discharged pursuant to the terms of the Joint Plan
> (including but not limited to States and other governmental units,
> and any State official, employee, or other entity acting in an
> individual or official capacity on behalf of any State or other
> governmental units) *shall be deemed permanently enjoined from*
> *taking any of the following actions on account of any such*
> *discharged debt, Administrative Expense Claim, Claim, or*
> *Interest: (1) commencing or continuing in any manner any action*
> *or other proceeding against the Debtor, the Estate, the Trustee, the*
> *Reorganized Debtor,* or their respective property or successors
> (other than to enforce any right pursuant to the Joint Plan to a
> distribution); . . . (5) commencing or continuing any action, in any
> manner, in any place that does not comply with or is inconsistent
> with the provisions of the Joint Plan.
>
> * * *
>
> As of the Effective Date, all Entities that have held, currently hold
> or may hold any claims, obligations, suits, judgments, damages,
> demands, debts, rights, causes of action or liabilities that are
> released pursuant to the Joint Plan *will be permanently enjoined*
> from taking any of the following actions against any released
> Entity or its property on account of such released claims,
> obligations, suits, judgments, damages, demands, debts, rights,
> causes of action or liabilities: (a) *commencing or continuing in any*
> *manner any judgment, award, decree or order;* . . . (e)
> commencing or continuing any action, in any manner, in any place
> that does not comply with or is inconsistent with the provisions of
> the Joint Plan.

4

Confirmation Order, at ¶¶ 26-27 (emphasis added).

On June 2, 2005 (the "Effective Date"), the Effective Date of the Joint Plan occurred, and Hawaiian emerged from bankruptcy. Pursuant to the terms of the Confirmation Order, Hawaiian served a Notice of the Effective Date (the "Notice") [Case No. 03-817, docket # 5075] to all parties in interest, and published the Notice in the Wall Street Journal (National Edition) and the Honolulu Advertiser on June 15, 2005.

The United States filed its "Notice of Election to Decline Intervention" on September 14, 2005, and the original complaint was unsealed the following day (docket ## 12 & 13). On November 17, 2005 the Relator filed and served her present amended complaint (docket # 17). Prior to the unsealing of the original complaint, Hawaiian was unaware of the Relator's action or claims against Hawaiian.

## II.    ARGUMENT

The Amended Complaint asserts two allegations against Hawaiian. First, it alleges that Hawaiian collected certain government-mandated fees for non-refundable tickets, but failed to make appropriate refunds to the passengers who did not utilize, and thereby forfeited, those non-refundable tickets. Second, it further alleges that Hawaiian failed to pay to the federal government the appropriate amounts of these fees and charges it had collected from its passengers. The Amended Complaint seeks to recover claims that are for "a minimum of six (6) years from November 20, 1998 onward and for up to ten (10) years from November 20, 1994." Amended Complaint, of United States (False Claims Act, 31 U.S.C. §§ 3729 *et seq.* and Common Law Causes of Action (the "Amended Complaint") (docket # 17), at ¶ 39.

The Amended Complaint is based upon activities that occurred prior to May 18, 2005 (the "Confirmation Date"), the date the Bankruptcy Court entered an order confirming Hawaiian's plan of reorganization. The claims described in the Amended Complaint arose

before November 20, 2004 – before the Confirmation Date.  All such claims are subject to the

discharge granted to the Reorganized Debtor under the express terms of the Joint Plan, the

Confirmation Order, and sections 524 and 1141(d)(1)(A) of the Bankruptcy Code.

Because the Relator is seeking to recover against Hawaiian based on claims that relate to

a period of time prior to May 18, 2005, *see* Amended Complaint, at ¶ 39, such claims have been

discharged and the Relator is bound by the injunction preventing collection of such claims.

The discharge of Claims and Administrative Expense Claims that occurred under the

Joint Plan and Confirmation Order was expressly authorized under section 1141(d)(1)(A) of the

Bankruptcy Code, which provides in relevant part: "[the confirmation of the plan] discharges the

debtor from *any debt* that arose before the date of such confirmation[.]"  11 U.S.C. §

1141(d)(1)(A); *e.g.*, *In re Eagle Picher*, 278 B.R. 437, 447 (S.D. Ohio 2002).  Accordingly, the

injunction imposed by section 524(a) of the Bankruptcy Code, and by the Joint Plan and

Confirmation Order, operates as an injunction against the Amended Complaint to the extent the

Relator seeks to collect on Claims or Administrative Expense Claims against the Reorganized

Debtor.

Any claim of lack of notice of the discharge by the Relator is not pertinent to whether a

judgment or act in violation of the discharge injunction is void.  *In re Gurrola*, 328 B.R. 158,

174 (B.A.P. 9th Cir. 2005)(citation omitted).  "The word 'void' in § 524(a) means 'void,' not

'voidable.'"  *Id.*

In any event, the Relator received effective notice in at least two ways.  First, *qui tam*

actions are brought in the name of the United States.  In the present case, the United States had

actual notice of Hawaiian's bankruptcy.  The United States was actively involved in Hawaiian's

bankruptcy and filed several Claims and Administrative Expense Claims.  *See* Exhibit 3.  At no

time did the United States file a claim or otherwise assert any of the allegations in the Amended

Complaint.

Second, Hawaiian exercised all reasonable means to provide notice of its bankruptcy, and the effect of its emergence to the world, including "unknown creditors." An "unknown creditor" is "one whose 'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" *Chemetron Corp. v. Jones*, 72 F.3d 341 , 346 (3d Cir. 1995) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 94 L. Ed. 865, 70 S. Ct. 652 (1950)). Hawaiian did not provide direct notice to the Relator because she was, in fact, an unknown creditor. The original complaint was filed under seal, and Hawaiian has only recently been made aware of the *qui tam* action after it became unsealed in September 2005 – four months *after* Hawaiian emerged from bankruptcy. Hawaiian did, however, publish the Notice in the Wall Street Journal (National Edition), which placed the Relator on notice of the effect of the discharge. As an unknown creditor, the Reorganized Debtor's notice by publication was more than sufficient to satisfy the requirements of due process. *See, e.g., Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). This is particularly true where, as here, *any* minimal diligence by the Relator would have revealed the pendency of Hawaiian's bankruptcy since 2003 and the confirmation of the Joint Plan in 2005.[3] For example, a review of Hawaiian's public website, or a cursory search through an internet search engine such as Google would have yielded substantial amounts of information about the existence and status of Hawaiian's bankruptcy and subsequent emergence.[4]

---

[3] The absence of United Airlines, Inc. ("United") and USAirways Group, Inc. ("USAir") from the Amended Complaint is notable as both entities were listed in the original complaint. It may be that the Relator became aware of the respective bankruptcy filings of United and USAir, and chose to remove them from the Amended Complaint. Hawaiian must be accorded the same treatment, and Hawaiian reserves all rights to seek damages from the Hawaii Bankruptcy Court to enforce the discharge injunction now in place.

[4] If Relator knew or, based on reasonable diligence, should have known of the bankruptcy, and to the extent Relator continues this lawsuit, both Relator and any entity that assists Relator is

## III.   CONCLUSION

For all of these reasons, Hawaiian respectfully requests that the Amended Complaint be dismissed as to Hawaiian *with* prejudice.

Respectfully submitted,

*Matthew Porter*

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
Sidney P. Levinson
John L. Jones II
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

DOW, LOHNES & ALBERTSON, PLLC
Jonathan B. Hill
1200 New Hampshire Ave. N.W.
Washington, D.C. 20036
Telephone: 202-776-2725

Dated: February 13, 2006                Facsimile: 202-776-4725

DECHERT LLP
Matthew A. Porter, BBO #630625
Michael S. Shin, BBO # 658134
200 Clarendon Street, 27th Floor
Boston, MA 02116

*Attorneys for Reorganized Debtor Hawaiian Airlines, Inc.*

---

subject to damages as a result of their willful violation of the automatic stay and discharge injunction.

530250\v3

8