*Exhibit 3*

B 10 (Official Form 10)

| United States Bankruptcy Court District of Hawaii | FIRST AMENDED PROOF OF CLAIM Chapter 11 |
|---|---|

| In re (Name of Debtor) Hawaiian Airlines, Inc , | Case Number 03-00817 |
|---|---|

NOTE This Form should not be used to make a claim for an administrative expense arising after commencement of the case  A 'request' for payment of an administrative expense may be filed pursuant to 11 U S C §503

| Name of Creditor (The person or other entity to whom the debtor owes money or property) **U. S. Department of Homeland Security** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars |
|---|---|
| Name and Address Where Notices Should be Sent **U. S. Department of Homeland Security Office of the Principal Legal Advisor 70 Kimball Avenue - Room 139 South Burlington, VT 05403 ~ 6813 Attn: William C. Harlow, Assoc. Gen. Coun. Telephone: (802) 288-7688 Facsimile: (802) 288-7645** | ☒ Check box if you have never received any notices from the bankruptcy court in this case  ☐ Check box if the address differs from the address on the envelope sent to you by the court  **FILED 03-00414 U S B C -DISTRICT OF HAWAII HAWAIIAN AIRLINES, INC 03-00817 (RJF)**   THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR Taxpayer ID Number 99-0042880 | Check here if this claim  ☐ REPLACES or  ☐ AMENDS a previous filed claim  dated |
|---|---|

| 1  BASIS FOR CLAIM ☐ Goods Sold ☒ Services Performed  ☐ Money loaned ☐ Personal injury/wrongful death ☐ Taxes ☒ Other (Describe briefly) Civil Penalties under 8 USC §1221, §1223 and §1323  Passenger User Fees pursuant to 8 U S C §1356(d), plus interest | ☐ Retiree Benefits as defined in 11 U S C  § 1114(a)  ☐ Wages, salaries, an compensation (Fill out below) Your social security number ____ Unpaid compensation for services performed From ____ to ____ (date)         (date)  **GARDEN CITY GROUP INC DEC 22 2003** |
|---|---|

| 2  DATE DEBT WAS INCURRED  **Various Pre-Petition· Please See Attachments C and D** | 3  IF COURT JUDGMENT, DATE OBTAINED |
|---|---|

4  CLASSIFICATION OF CLAIM  Under the Bankruptcy Code all claims are classified as one or more of the following  (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured  It is possible for part of a claim to be in one category and part in another  CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT AT THE TIME CASE FILED
**PLEASE SEE STATEMENT LABELED ATTACHMENT A**

| ☐ SECURED CLAIM $ ____  Attach evidence of perfection of security interest Brief Description of Collateral  ☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)  Amount of arrearage and other charges at time case filed Included in secured claim above, if any $ ____  ☒ UNSECURED NONPRIORITY CLAIM $ _21,758 80_ A claim is unsecured if there is no collateral or lien on  property of the debtor securing the claim or to the extent that the value of such property is less than the amount  of the claim | ☐ UNSECURED PRIORITY CLAIM $ ____ Specify the priority of the claim ☐ Wages, salaries, or commission (up to $2000), earned not  more than 90 days before filing of the bankruptcy  petition or cessation of the debtor's business, whichever is earlier - 11 U S C  § 507(a)(3) ☐ Contributions to an employee benefit plan - 11 U S C  § 507(a)(4)  ☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C  507(a)(6) ☐ Taxes or penalties of governmental units - 11 U S C  § 507(a)(7)  ☐ Other · Specify applicable paragraph of 11 U S C  § 507(a) ____ |
|---|---|

5  TOTAL AMOUNT OF

| CLAIM AT TIME CASE FILED | $ _21,758 80_ (Unsecured) | $ ____ (Secured) | $ ____ (Priority) | *$ _70,118 80_ (Total) |
|---|---|---|---|---|

*Passenger User Fees held in Trust by debtor (See Attachment A) $ 48,360 00  Amount subject to Audit which may reveal additional obligations as records are in custody of debtor

☒ Check this box if claim includes charges in addition to the principal amount of the claim  Attach itemized statement of additional charges

| 6  CREDITS AND SETOFFS  The amount of all payments on this claim has been credited and  deducted for the purpose of making this proof of claim  In filing this claim, claimant has deducted all amounts that claimant owes to debtor  SEE ATTACHMENT B FOR RESERVATION OF SET-OFF RIGHTS AND CLAIM AMENDMENTS 7  SUPPORTING DOCUMENTS  *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests  If  the documents are not available, explain  If the documents are voluminous, attach a summary  A SUMMARY OF THE CLAIM (C) IS ATTACHED, AS WELL AS A STATEMENT OF THE USER FEE ACCOUNT (D) 8  TIME-STAMPED COPY  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | THIS SPACE IS FOR COURT USE ONLY  **2003 DEC 15  PM 2: 41 U S BANKRUPTCY COURT DISTRICT OF HAWAII FILED** |
|---|---|

| Date **12-11-03** | Sign and print the name and title  if any, of the creditor or other person authorized to file this claim (attach powers of attorney, if any)  *Betty Greenwood* FOR Lois A  Jarvis, Supervisory Debt Management Officer |
|---|---|

**ORIGINAL**

Passenger processing fees collected pursuant to 8 U S C  §1356(d) are property of the United States held in trust by the debtor and are not property of the debtor's estate under 11 U S.C  §541 To the extent that the court finds that the passenger user fees are not held in trust and, therefore, are property of the estate, the United States Immigration and Naturalization Service holds an unsecured claim against the estate in the amount of any unpaid Immigration passenger user fee

**ATTACHMENT A**

This claim reflects the known liability of the debtor to this agency of the United States  The United States reserves the right to amend this claim to assert subsequently discovered liabilities  This agency holds subject to set-off against this claim a debt owed to the debtor of unknown amount  The identification of any sums held subject to set-off is without prejudice to any other right under 11 U S C  §553 to set-off, against this claim, debts owed to debtors by this or any other federal agency

**ATTACHMENT B**

In re: Hawaiian Airlines, Inc , Case No  03-00817 (D  Hawaii)
Attachment B - Summary of First Amended Proof of Claim
Department of Homeland Security
Formerly U.S Immigration and Naturalization Service

| Bill Number | Fine Number | Original Prin | Balance Due* | Invoice Date | Violation Date |
|---|---|---|---|---|---|
| DMT022245 | TWV022245 | $500 00 | $606 40 | 20020814 | 20020309 |
| DMT022310 | TWV022321 | $500 00 | $606 40 | 20020814 | 20020319 |
| DMT022435 | TWV022446 | $500 00 | $591 85 | 20020920 | 20020416 |
| DMT022436 | TWV022447 | $500 00 | $591 85 | 20020920 | 20020416 |
| DMT022437 | TWV022448 | $500 00 | $591 85 | 20020920 | 20020416 |
| DMT022438 | TWV022449 | $500 00 | $591 85 | 20020920 | 20020416 |
| DMT022439 | TWV022450 | $500 00 | $591 85 | 20020920 | 20020416 |
| DMT030480 | TWV030480 | $500 00 | $529 90 | 20030117 | 20020802 |
| DMT030803 | TWV030805 | $500 00 | $511 70 | 20030212 | 20021015 |
| DMT031015 | TWV031017 | $500 00 | $505 85 | 20030319 | 20021116 |
| DMT031360 | TWV031362 | $500 00 | $500 00 | 20030606 | 20021214 |
| DMT031442 | TWV031444 | $500 00 | $500 00 | 20030609 | 20021228 |
| NFB300887 | HHW020100 | $3,300 00 | $3,463 10 | 20021114 | 20020725 |
| NFB302440 | HHW030012 | $1,000 00 | $1,018 40 | 20030219 | 20020605 |
| NFB302441 | HHW030013 | $1,000 00 | $1,018 40 | 20030219 | 20020605 |
| NFB302442 | HHW030014 | $1,000 00 | $1,018 40 | 20030219 | 20020605 |
| NFB302443 | HHW030015 | $1,000 00 | $1,018 40 | 20030219 | 20020605 |
| NFB302444 | HHW030016 | $1,000 00 | $1,018 40 | 20030219 | 20020605 |
| NFB303003 | HHW030030 | $1,000 00 | $1,009 20 | 20030326 | 20020930 |
| NFB303762 | HHW030034 | $2,475 00 | $2,475 00 | 20030508 | 20030119 |
| NFB304332 | HHW030045 | $1,000 00 | $1,000 00 | 20030603 | 20021118 |
| NFB304457 | HHW030047 | $1,000 00 | $1,000 00 | 20030610 | 20021122 |
| NFB304533 | HHW030048 | $1,000 00 | $1,000 00 | 20030618 | 20030112 |
|  | Totals | $20,775 00 | $21,758.80 |  |  |
|  |  |  |  |  |  |

*Calculations include interest and penalties incurred before the March 21, 2003 filing date

ATTACHMENT C



**UNITED STATES DEPARTMENT OF JUSTICE**
**IMMIGRATION AND NATURALIZATION SERVICE**
**DEBT MANAGEMENT CENTER**
**P.O. BOX 5000**
**WILLISTON, VT**
**05495-5000**

BILL TO

Hawaiian Airlines
P O Box 29906
Honolulu, HI 96820-2306

Tax ID 99-0042880

Pay to Immigration and Naturalization Service, Box 93963, Chicago, IL 60673-3963

Hawaiian Airlines
IUF Liability Calculation

| QUARTER | | IUF DUE | AMOUNT PAID | AMOUNT DUE |
|---------|------|---------|-------------|------------|
| Jan-Mar | 2002 | $ 46,448 | $ 45,606 | $ 842 |
| April | 2002 | $ 19,261 | $ 18,924 | $ 337 |
| May-Jun | 2002 | $ 52,777 | $ 51,849 | $ 928 |
| Jul-Aug | 2002 | $ 64,945 | $ 63,819 | $ 1,126 |
| Sep | 2002 | $ 21,762 | $ 21,385 | $ 377 |
| Oct-Dec | 2003 | $ 66,583 | $ 65,422 | $ 1,161 |
| Jan-Mar | 2003 | $ 51,590 | $ 8,001 | $ 43,589 |

| Total IUF Due | $ 323,366 | $ 275,006 | $ 48,360 |
|---------------|-----------|-----------|-----------|

| **Grand Total Due** | | | $ 48,360 |
|---------------------|--|--|----------|

ATTACHMENT D

FILED - 01003
U S B C.-DISTRICT OF HAWAII
HAWAIIAN AIRLINES, INC
03-00817 (RJF)

**UNITED STATES BANKRUPTCY COURT**

≠ I_t
ᵗ ⸍A ᵣRUPⁱCⁱ ᵤᵤₐₙ
ᵣISTRᵢCT OF HAWAII

**DISTRICT OF HAWAII**

2005 JUN 30  PM 12: 00

In re:

**HAWAIIAN AIRLINES, INC.**

**Debtor**



**Case No.  03-00817**
**Chapter 11**
**HON. ROBERT J. FARIS**

## REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE CLAIM OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION

Pursuant to 11 U.S.C. § 503(a), the United States of America, on behalf of the Transportation Security Administration ("TSA"), hereby files this Request for Payment of Chapter 11 Administrative Claim in the amount of $279,000.00. In support of its claim, TSA states as follows.

1.     Hawaiian Airlines, Inc. ("Debtor") filed a bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code on March 21, 2003.

2.     As an aircraft operator, Debtor operates in a highly regulated industry and must comply with Chapter 449 of Title 49 of the United States Code, 49 U.S.C. ch. 449 et seq., and the Transportation Security Regulations ("TSR"), 49 C.F.R. pt. 1500 et seq., promulgated pursuant to that statute.

3.     In the conduct of its operations, Debtor, from time to time, incurs civil penalties for various violations of the TSR

4.     A summary of the cases proposing a civil penalty incurred by Debtor on or after March 21, 2003, and which remain open as of June 29, 2005 is attached, and totals $279,000.00. See Attachment A. Because the TSR restricts the release of Sensitive Security Information ("SSI") to those with a "need-to-know," the attachment contains all releasable information regarding these claims that is consistent with the SSI regulatory requirements. See 49 C.F.R. pt. 1520. Additional information regarding these claims has been or will be provided to Debtor, pursuant to the SSI regulations.

5.     This claim, in the total amount of $279,000.00, is an administrative expense pursuant to 11 U.S.C. § 503(b), and is entitled to priority payment under 11 U.S.C. § 507(a).

6     TSA presently holds no known funds subject to setoff against this claim. TSA, however, reserves the right under 11 U.S.C. § 553, to setoff against this claim any debt owed to Debtor by TSA or any other federal agency that may be later identified.

7.     This claim reflects the known liability of Debtor to TSA for civil penalties arising as a result of violations of the TSR. TSA reserves the right to amend this claim to assert subsequently discovered liabilities.

8.     The filing of this claim is not to be construed as a waiver of the rights of TSA, the United States, or any agency or instrumentality thereof, to follow any property, or the proceeds thereof, into the hands of whomever the same may be, including the receiver or trustee in bankruptcy, or as a waiver of any other claim or right of action or setoff, or any other right

2

whatsoever that the United States, or any agency or instrumentality thereof, has or may have against Debtor, the receiver, the trustee, or any other person or entity.

Respectfully submitted,

Robert G. Seasonwein
Acting Deputy Chief Counsel for Enforcement
Office of Chief Counsel
Transportation Security Administration
U S. Department of Homeland Security
601 S. 12th Street (TSA-2)
Arlington, VA 22202-4220
571-227-2542 (Office)
571-227-1378 (Fax)
Robert.Seasonwein@dhs.gov

Dated. June 29, 2005

3

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ⊃⊂⊂Ɣth day of June, 2005, I caused to be served by Federal Express, postage-prepaid, one copy of the foregoing "REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE CLAIM OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION," to each of the following parties:

Tom E. Roesser
Katherine G. Leonard
Carlsmith Ball LLP
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Tel: (808) 523-2500

Bruce Bennett
Sidney P. Levinson
John L. Jones, II
Hennigan, Bennett & Dorman LLP
601 South Figueroa Street, Suite 3300
Los Angeles, CA 90017
Tel. (213) 694-1200

Simon Klevansky
Gelber, Gelber, Ingersoll & Klevansky
Topa Financial Center, Suite 1400
745 Fort Street
Honolulu, HI 968013-3823
Tel: (808) 524-0155

Jeffrey Krause
Michael Goldstein
Stutman, Treister & Glatt PC
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA 90067
Tel: (310) 228-560

Robert G. Seasonwein
Acting Deputy Chief Counsel for
Enforcement

4

**ATTACHMENT A – Summary of TSA Civil Penalty Cases***

| HAWAIIAN AIRLINES, CASE NO. | DATE OF VIOLATION | DESCRIPTION OF VIOLATION | RECOMMENDED OR PROPOSED CIVIL PENALTY |
|---|---|---|---|
| 2004SFO0024 | 2/8/2004 | Weapon carriage violation. | $18,000 |
| 2004█████0364** | 7/4/2004 | ████████████** | $22,000 |
| 2004█████0462** | 8/26/2004 | ████████████** | $75,000 |
| 2005█████0004** | 9/25/2004 | ████████████** | $9,000 |
| 2005█████0412** | 12/28/2004 | ████████████** | $18,000 |
| 2005█████0108** | 1/23/2005 | ████████████** | $18,000 |
| 2005█████0116** | 2/2/2005 | ████████████** | $25,000 |
| 2005█████0857** | 6/5/2005 | ████████████** | $11,000 |
| 2005█████0876** | 5/26/2005 | ████████████** | $9,000 |
| 2005█████0205** | 6/9/2005 | ████████████** | $18,000 |
| 2003SEA0015 | 8/15/2003 | Checked baggage screening violation | $25,000 |
| 2005█████0388** | 12/22/2004 | ████████████** | $31,000 |

*Documentation supporting these penalties is voluminous and therefore is not attached; such documentation will be made available upon request. Debtor has received notice for some of the claims listed in this attachment, and will receive notice of all listed claims as soon as the investigative and review processes are completed.

**For public viewing and docketing purposes, this attachment contains only information that is not prohibited from public release under the Sensitive Security Information (SSI) regulations, 49 C.F.R. pt. 1520, and therefore only releasable information is provided herein. Additional information regarding these claims has been or will be provided to Debtor, and will later be released pursuant to the requirements of 49 C.F.R pt. 1520

FORM B10 (Official Form 10) (4/01)

| **United States Bankruptcy Court**<br>District of Hawaii | | ☐ Ch 7 ☐ Ch 13 ☑ Ch 11<br>**PLEASE CHECK CHAPTER** |
|---|---|---|
| Name of Debtor<br>HAWAIIAN AIRLINES, INC | Case Number<br>03-00817 | **PROOF OF CLAIM**<br>AMENDED |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

**FILED - 00152**
U S B C -DISTRICT OF HAWAII
HAWAIIAN AIRLINES, INC
03-00817 (RJF)

Creditor #

THIS SPACE IS FOR
COURT USE ONLY

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br><br>U S DEPARTMENT OF TRANSPORTATION,<br>FEDERAL AVIATION ADMINISTRATION  (FAA) | ☐ ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars |
| Name and Address Where Notices Should be Sent<br><br>MONROE P BALTON, AWP-7<br>FAA, OFFICE OF REGIONAL COUNSEL<br>P O  BOX 92007<br>LOS ANGELES  CA 90009-2007<br>Telephone No  (310) 725-7101 | ☒ ☐ Check box if you have never received any notices from the bankruptcy court in this case<br>☐  Check box if the address differs from the address on the envelope sent to you by the court |
| Account or other number by which creditor identifies debtor | Check here if this claim<br>☐ amends ☐ replaces   a previously filed claim dated |

**1   BASIS FOR CLAIM**

☐ Goods sold            ☐ Services performed            ☐ ☐ Wages  salaries, and compensation (Fill out below)
☐ - Money loaned         ☐ Personal injury/wrongful death        Your social security number _____
☐ Taxes                ☒ Other  Federal Penalties            Unpaid compensation for services performed
☐ Retiree benefits as defined in 11 U S C ₫ 1114 (a)        from _____ to _____
                                                                  (date)            (date)

| **2  DATE DEBT WAS INCURRED**   SEE ATTACHED DOCUMENT | **3  IF COURT JUDGMENT, DATE  OBTAINED** |
|---|---|

**4  Total Amount of Claim at Time Case Filed**        $  117,248 00
    if all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

| **5   Secured claim** | **6   Unsecured Priority Claim** |
|---|---|
| ☐  Check this box if your claim is secured by collateral (including a right of setoff)<br><br>Brief Description of Collateral<br><br>☐☐☐ Real Estate<br>☐☐☐ Motor Vehicle<br>☐☐☐ Other _____<br><br>Value of collateral  $_____<br><br>Amount of arrearage and other charges at time case filed included<br><br>in secured claim above, if any   $ _____ | ☐  Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim<br><br>☐☐☐ Wages, salaries  or commissions (up to $4 650), •earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier-11 U S C ₫ 507(a)(3)<br>☐☐☐ Contributions to an employee benefit plan 11 U S C ₫507(a)(4)<br>☐☐☐ Up to $2,100• of deposits toward purchase  lease, or rental of property or services for personal, family, or household use 11 U S C  ₫ 507(a)(6)<br>☐☐☐ Alimony  maintenance, or support owed to a spouse, former spouse, or child  11 U S C  ₫507(a)(7)<br>☐☐ ☐Taxes or penalties owed to governmental units 11 U S C ₫507(a)(8)<br>☐☐☐  Other—Specify applicable paragraph of 11 U S C  ₫ 507(a)_____<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |

| | |
|---|---|
| **7  CREDITS**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim<br>**8  SUPPORTING DOCUMENTS**  *Attach copies of supporting documents*, such as promissory notes, purchase  orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary   ANY ATTACHMENT MUST BE 8-1/2" BY 11"<br>**9  DATE-STAMPED COPY**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and an additional copy of this proof of claim | THIS SPACE IS FOR<br>COURT USE ONLY<br><br>THE GARDEN CITY GROUP INC<br>SEP 29 2003 |
| Date<br>9/11/2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney  if any)<br>MONROE P BALTON, REGIONAL COUNSEL | |

Penalty for presenting fraudulent claim  Fine of up to $500 000  or imprisonment for up to 5 years, or both  18 U S C  ₫₫152 and 3571

ORIGINAL

In Re   Hawaiian Airlines, Inc
In the United States Bankruptcy Court
For the District of Hawaii
Case No  03-00817

SUMMARY OF PRE-PETITION FINES
DEPARTMENT OF TRANSPORTATION
FEDERAL AVIATION ADMINISTRATION

| Hawaiian Airlines Case No. | Violation date/ Case Type | Status/FAA Attorney | Civil Penalty Amount /Regulations cited |
|---|---|---|---|
| 2000WP760216 | 6/29/00/Security | Notice of Proposed Civil Penalty issued 6/10/02 | $20,000 00 14 CFR 108 5(a)(1) |
| 2000WP760240 | 7/30/00/Security | Notice of Proposed Civil Penalty issued 7/25/02 | $7,500 00 14 CFR 108 5(a)(1) |
| 2001WP710462 | 8/28/01/Security | Amended Notice of Proposed Civil Penalty issued 7/23/03 | $11,000 00 14 CFR 108 5(a)(1) |
| 2001WP760012 | 11/6/00/Security | Notice of Proposed Civil Penalty issued 10/28/02 | $11,000 00 14 CFR 108 5(a)(1) |
| 2001WP760097 | 2/26/01/Security | Notice of Proposed Civil Penalty issued 2/10/03 | $11,000 00 14 CFR 108 5(a)(1) |
| 2001WP760112 | 3/12/01/Security | Notice of Proposed Civil Penalty issued 2/10/03 | $7,499 00 14 CFR 108 5(a)(1) |
| 2001WP760130 | 4/15/01/Security | **Not initiated** 2150-5 Attached | $11,000 Proposed by RO 14 CFR 108 5(a)(1) |
| 2001WP760160 | 5/2/01/Security | Notice of Proposed Civil Penalty issued 4/18/03 | $8,249 00 14 CFR 108 5(a)(1) and 14 CFR 108 9(c) |
| 2001WP760165 | 5/16/01/Security | Notice of Proposed Civil Penalty issued 4/18/03 | $11,000 00 14 CFR 108 5(a)(1) and 14 CFR 108 9(d) |
| 2001WP760178 | 5/29/01/Security | Notice of Proposed Civil Penalty issued 4/18/03 | $4,000 00 14 CFR 108 5(a)(1) and 14 CFR 108 9 |

1

In Re   Hawaiian Airlines, Inc
In the United States Bankruptcy Court
For the District of Hawaii
Case No  03-00817

SUMMARY OF PRE-PETITION FINES
DEPARTMENT OF TRANSPORTATION
FEDERAL AVIATION ADMINISTRATION

| 2001WP760185 | 6/8/01/Security | Notice of Proposed Civil Penalty issued 5/30/03 | $4,000 00 14 CFR 108 5(a)(1) and 14 CFR 108 9(a) |
|---|---|---|---|
| 2001WP760200 | 6/20/01/Security | Notice of Proposed Civil Penalty issued 6/5/03 | $11,000 00 14 CFR 108 5(a)(1) |
| **END 12 ( cases)** | | | **Total:  $117,248.00** |

## Certificate of Service

I hereby certify that the attached document, the Chapter Eleven Amended Prepetition Claim of The Department of Transportation, Federal Aviation Administration, in re Hawaiian Airlines, Case No 03-00817, has been sent by certified mail this day, addressed as follows

> Mark Van Allsburg, Clerk of the Bankruptcy Court
> U S Bankruptcy Court, District of Hawaii
> 1132 Bishop Street, Suite 250L
> Honolulu, HI 96813

I further certify that a true copy of the above has been sent by certified mail this day, addressed as follows

> Hawaiian Airlines, Inc
> c/o The Garden City Group, Inc
> PO Box 9000 #6091
> Merrick, NY 11566-9000

I further certify that a true copy of the above has been sent by regular mail this day, addressed as follows

> Ruth A Harvey, Sr Trial Counsel
> Commercial Litigation Branch
> Department of Justice Civil Division
> PO BOX 875
> Ben Franklin Station
> Washington, DC 20044

Dated   September 11, 2003

Antonia Garcia
Paralegal Specialist
Office of the Regional Counsel
Federal Aviation Administration
Western-Pacific Region

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Re:

**HAWAIIAN AIRLINES, INC**

**Debtor**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Case No. 03-00817**
**Chapter 11**
**Hon. Robert J. Faris**

### CHAPTER ELEVEN AMENDED PREPETITION
### CLAIM OF THE DEPARTMENT OF TRANSPORTATION
### FEDERAL AVIATION ADMINISTRATION

1   Hawaiian Airlines, Inc ("Debtor") filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on March 21, 2003

2   As an air carrier, the Debtor operates in a highly regulated industry and must comply with 49 U S C  § 40101 et  seq , and the Federal Aviation Regulations (FARs) promulgated pursuant to that statute

3   In the conduct of its operations Debtor, from time to time, incurs civil penalties for various violations of the above regulations

4   A summary of fines incurred by Debtor before March 21, 2003 which remain open as of August, 2003, is attached and totals $117,248 00

5   This claim in the total amount of $117,248 00 is a prepetition claim pursuant to 11 U S C  § 501

6   The United States reserves the right under 11 U S C  §553, to setoff against this claim, any debt owed to Debtor by any federal agency  The filing of this claim is not to be construed as a waiver of the rights of the United States, or any agency or instrumentality thereof, to follow any property, or the proceeds thereof, into the hands of whomever the same may be, including the receiver or trustee in bankruptcy, or as a waiver of any other claim or right of action or setoff, or any other right whatsoever that the United States or any agency or

instrumentality thereof has or may have against the bankrupt, the receiver, the trustee, or any person or entity

7  The prepetition claim herein replaces and supersedes the claim filed by the U S  Department of Transportation, Federal Aviation Administration on or about September 4, 2003

By _____

MONROE P  BALTON,
Regional Counsel
Department of Transportation
Federal Aviation Administration
P O  Box 92007, Room 6007
Los Angeles, CA 90009
(310) 725-7100

Dated  September 11, 2003

FORM B10 (Official Form 10)(Rev 04/04)

| United States Bankruptcy Court | District of **Hawaii** | Second Amended **PROOF OF CLAIM** Chapter 11 |
|---|---|---|

| In re (Name of Debtor) **Hawaiian Airlines, Inc** | Case Number **03-00817** | 2004 AUG -3 AM 10: 30  U.S. BANKRUPTCY DISTRICT OF HAWAII  FILED U.S. BANKRUPTCY COURT DISTRICT OF HAWAII |
|---|---|---|

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case   A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

| Name of Creditor - see Attachment A (The person or other entity to whom the debtor owes money or property) **U.S. Customs and Border Protection fka U S. Customs Service** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars |
|---|---|

| Name and Addresses Where Notices Should be Sent **6026 Lakeside Boulevard P.O. Box 68911 Indianapolis, In 46268** Telephone No   **1-800-743-3333(relay), 317-298-1501** | ☐ Check box if you have never received any notices from the bankruptcy court in this case ☐ Check box if the address differs from the address on the envelope sent to you by the court | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR **99-0042880** | Check here if this claim ☐ replaces ☒ amends previously filed claim, dated **March 16, 2004** |
|---|---|

**1 BASIS FOR CLAIM**

| | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U S C § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (Fill out below) |
| ☐ Money loaned | Last four digits of SS# _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☒ Taxes   and duties per 11 U S C § 507(a)(8)(F) | from _____ (date)   to _____ (date) |
| ☒ Other   Customs duty, interest on passenger user fees, estimated | |

liquidated damages and unliquidated/contingent duties, fees and other charges

FILED - 00976
U.S.B C.-DISTRICT OF HAWAII
HAWAIIAN AIRLINES, INC
03-00817 (RJF)

| 2 DATE DEBT WAS INCURRED **Please See Attached** | 3 IF COURT JUDGMENT, DATE OBTAINED |
|---|---|

**4 Total Amount of Claim at Time Case Filed** $24,771 71 (secured) _____ (unsecured)   unliq/cont (priority)   $24,771.71 (Total) + unliq/cont

If all or part of your claim is secured or entitled to priority  also complete item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim
Attach itemized statement of all interest or other additional charges

Funds Held in Trust - see Attachment B

**5 Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral
☐ Real Estate   ☐ Motor Vehicle
☒ Other (Describe briefly)   **Refund held in suspense**

Value of Collateral   **$40,245 31**

Amount of arrearage and other charges at time case filed included in secured claim above  if any

**6 Unsecured Nonpriority Claim** _____
☐ Check this box if  a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7 Unsecured Priority Claim**
☒ Check if you have an unsecured priority claim
Amount entitled to priority   **unliq/cont**
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925)*, earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507 (a)(3)
☐ Contributions to an employee benefit plan-11 U S C § 507(a)(4)
☐ Up to $2,225* of deposits toward purchase  lease, or rental of property or services for personal  family or household use-11 U S C § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child-11 U S C § 507 (a)(7)
☒ Taxes or penalties owed to governmental units-11 U S C § 507(a)(8)(F)
☐ Other-Specify applicable paragraph of 11 U S C § 507(a)
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8 CREDITS** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
Please see attached statement labeled Attachment C

**9 SUPPORTING DOCUMENTS** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien
DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary
**10 Date-Stamped Copy** To received an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY
THE GARDEN CITY GROUP INC
AUG 10 2004

| Date **JUL 2 9 2004** | Sign and print the name and title if any  of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) sv _[signature]_ | **Robert B Hamilton, Jr** Chief, Revenue Branch |
|---|---|---|

PENALTY FOR PRESENTING FRAUDULENT CLAIM  Fine up to $500 000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571

ORIGINAL

Attachment A

On March 1, 2003, the entire United States Customs Service ("Customs") as a
governmental organization was transferred to the Department of Homeland Security
On said date, the inspection functions and many other functions of the United States
Customs Service became the responsibility of the U S. Customs and Border
Protection ("CBP") Similarly, the CBP also assumed many functions of the
United States Immigration and Naturalization Service, Department of Agriculture
(Plant and Pest Quarantine), and Border Patrol Due to ongoing reorganization efforts,
each former agency will continue to independently file proofs of claim The separate
proofs of claim will set out the claims owed by the debtor to each former agency
As a result, a debtor could get as many as four separate proofs of claim from the
CBP To determine which agency has filed a particular claim, debtor simply needs
to look to the "Name of Creditor" The agency filing the claim will be listed after
CBP, e g U S Customs and Border Protection fka U S Customs Service or
U S Customs and Border Protection - U S Customs Service Subsequent
amended claims will be filed in the same manner For purposes of providing adequate
notice, debtor should continue to provide notice to each of the former agencies

Attachment B

Passenger processing fees collected pursuant to 19 U S C § 58c(d) are
property of the United States held in trust by the debtor and are not property
of the debtor's estate under 11 U S C. § 541  To the extent that the court
finds that the passenger fees are not held in trust and, therefore, are property
of the estate, Customs holds an unsecured claim against the estate in the
amount of any unpaid Customs passenger user fees

Attachment C

This claim reflects the known liability of the debtor to this agency
of the United States  The United States reserves the right to amend
this claim to assert subsequently discovered liabilities  This agency
holds subject to setoff against this claim a debt owed to the debtor of
____$40,245 31____  The identification of any sums held subject to setoff
is without prejudice to any other right under 11 U S C § 553 to set
off, against this claim, debts owed to debtors by this or any other
federal agency

## Hawaiian Airlines, Inc
### REFUNDS

| Entry Number | Entry Date | Liquidation Date | Port | Amount |
|---|---|---|---|---|
| UI4-91400039 | May 28, 2003 * | June 13, 2003 | New York, NY | $40,245 31 |

* The refund is pre-petition due to the underlying imported entries that were entered prior to the bankruptcy date of March 21, 2003

SUMMARY SHEET - PROOF OF CLAIM

U S BANKRUPTCY COURT _____ DISTRICT OF _____ Hawaii _____

Debtor _____ Hawaiian Airlines, Inc _____     Case No _____ 03-00817 _____

The claim(s) for this debtor consist of

| SECURED | AMOUNT |
|---|---|
| Drawback duty bill | $2,711 54 |
| Passenger Processing Fees | |
| Interest on Passenger Fees Held in Trust | $72 17 |
| Fines & Penalties | |
| other   Estimated Liquidated Damages | $21,988 00 |
| TOTAL | $24,771 71 |

| UNSECURED NON-PRIORITY | |
|---|---|
| Interest on Passenger Fees Held in Trust | |
| Debit Vouchers | |
| Estimated Liquidated Damages | |
| Fines & Penalties | |
| other | |
| TOTAL | $0 00 |

| PRIORITY | |
|---|---|
| Supplemental duty bills | |
| Inspectional charges | |
| Debit Vouchers | |
| Fines & Penalties | |
| other | |
| TOTAL | $0 00 |

| MONEY HELD IN TRUST | |
|---|---|
| Passenger Processing Fees | |
| **GRAND TOTAL** | $24,771 71 |

There are ___2___ **unliquidated pre-petition entries** which may liquidate with duty,
fees, or other charges due the Customs Service per 19 CFR 159 1 thru 159 58

Hawaiian Airlines, Inc
**SECURED**
**Drawback Duty**

| Bill Number | Entry Number | Entry Date | Liquidation Date | Duty Due | Interest Due | Total Due |
|---|---|---|---|---|---|---|
| 43852791 | UI4-91400013 | November 21, 2001 | April 25, 2003 | $2,711 54 | $0 00 | $2,711 54 |

### ESTIMATED LIQUIDATED DAMAGES

Failure to remit passenger processing fees which have been collected by a
carrier gives rise to a claim for liquidated damages pursuant to C F R § 113 64(a)
in the amount equal to two times the fees collected or the available bond liability,
whichever is less  Based on the estimated unpaid fees described in this claim
and the bond liability, Customs would have a claim for $21,988 00  If the claim
for fees is adjusted upon further review, or if the debtor's surety has made previous
payments under the bond for the time periods in question, the claim for liquidated
damages would change accordingly

$21,988 00

Hawaiian Airlines, Inc

**SECURED**

INTEREST DUE BECAUSE OF DEBTOR'S FAILURE TO TURN OVER PASSENGER PROCESSING FEES
HELD IN TRUST

| Quarter Ending | Date Due | Pre-Petition Interest Due |
|---|---|---|
| March 31, 2002 | May 01, 2002 | $43 69 |
| June 30, 2002 | July 31, 2000 | $17 02 |
| September 30, 2002 | October 31, 2002 | $8 61 |
| December 31, 2002 | January 31, 2003 | $2 85 |
| March 21, 2003 | | $0 00 |
| **Total (interest) =** | | $72 17 |

Hawaiian Airlines, Inc

**UNLIQUIDATED ENTRIES**

| Entry Number | Entry Date | Port |
|---|---|---|
| 427-11584195 | June 6, 2002 | Honolulu Int'l Airport, HI |
| UI4-91400021 | November 6, 2001 | New York, NY |



UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII

2005 JUN 28  PM 12: 08

In re:                                    )
                                          )       Case No. 03-00817
HAWAIIAN AIRLINES, INC.                   )       Chapter 11
                                          )       Hon  Robert J. Faris
Debtor                                    )
                                          )            **FILED - 01005**
_____)    **U S B C -DISTRICT OF HAWAII**
                                                  **HAWAIIAN AIRLINES, INC**
                                                     **03-00817 (RJF)**

## DEPARTMENT OF TRANSPORTATION CHAPTER 11
## ADMINISTRATIVE EXPENSE CLAIM

Pursuant to 11 U.S C. § 503(a), the United States of America, on behalf of the

Department of Transportation's Office of the Assistant General Counsel for Aviation

Enforcement and Proceedings (Enforcement Office), hereby files this request for

payment of an administrative expense claim in the amount of $500,000.  In support of its

claim the Enforcement Office states as follows:

   1     Hawaiian Airlines, Inc ("Hawaiian" or "Debtor") filed a bankruptcy

         petition under Chapter 11 of the Bankruptcy Code on March 21, 2003.

   2.    Hawaiian is indebted to the U.S. Government for violating 49 U.S.C

         §§ 41310, 41702, 41705 and 41712, and 14 CFR Part 382 by failing to

         provide space to stow a passenger's standard-size folding wheelchair on

         its new aircraft with 100 or more passenger seats.

   3.    The Air Carrier Access Act (ACAA) (49 U.S C  § 41705) prohibits

         discrimination in the provision of air transportation against qualified

         individuals with disabilities.  Another Federal statute prohibits

         unreasonable discrimination against individuals by airlines on flights

         between the U.S. and foreign points (49 U.S.C. § 41310).  A separate

Op'~n''~

provision of Federal law requires that U S. air carriers provide safe and adequate transportation, which prohibits invidiously discriminatory practices on the part of U.S. air carriers generally in their domestic operations (49 U.S.C. § 41702). A Federal statute also prohibits unfair and deceptive trade practices and unlawfully discriminatory conduct in and of itself constitutes an unfair practice (49 U.S.C. § 41712).

4.   The Department of Transportation (DOT) rule implementing the ACAA (14 CFR Part 382) requires, among other things, that all new aircraft "with 100 or more passenger seats shall have a priority space in the cabin designated for stowage of at least one folding wheelchair" (14 CFR 382.21(a)(2)). "New" aircraft are defined in Part 382 as aircraft that were ordered by a carrier after April 5, 1990, or delivered to a carrier after April 5, 1992. All of Hawaiian's Boeing 717 and Boeing 767 aircraft are "new" under the regulation and are, therefore, required to contain a priority stowage space for a passenger's folding wheelchair.

5   The DOT has indicated in a number of enforcement orders and when adopting 14 CFR Part 382 that the measurements for a standard-size folding wheelchair are 13 inches wide by 36 inches high by 42-50 inches long. The priority stowage space in the cabin of the aircraft must, at a minimum, be able to fit a standard-size passenger's folding wheelchair.

6   Hawaiian did not have a priority stowage space for a passenger's standard-size wheelchair from the time that the carrier acquired its Boeing 717s in 2001 and its Boeing 767s in 2002-03 until August 19, 2004, which is the

date that Hawaiian received confirmation from the Federal Aviation Administration that it was safe to use a seat stowage method to accommodate a passenger's standard-size folding wheelchair in the cabin of its aircraft.

7.    The Enforcement Office has determined that Hawaiian could potentially be assessed a civil penalty in the amount of $500,000 for the above described violations Section 707(b) of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (Air-21; Pub. L. 106-181; 114 Stat. 61, April 5, 2000) amended 49 U.S.C. § 46301(a)(3) to apply a $10,000 maximum civil penalty for each violation of the ACAA and for each day a violation continues Vision 100 - Century of Aviation Reauthorization Act (Pub L 108-176; 117 Stat. 2440; December 12, 2003) increased the maximum civil penalty to $25,000 for each violation of the ACAA occurring on or after December 12, 2003, and for each day a violation continues. Hawaiian and the Enforcement Office are in the process of negotiating a consent order to settle this matter

8.    The civil penalty amount has been determined based on violations of the ACAA that occurred after Hawaiian filed for bankruptcy on March 21, 2003.

9.    The proposed penalty amount is an administrative expense under 11 U.S.C. § 503(b) and is entitled to priority payment under 11 U.S.C. § 507(a)(1).

10.     This claim reflects the estimated liability of Hawaiian to the DOT for the violations related to the in-cabin stowage of a passenger's folding wheelchair. DOT reserves the right to amend this claim to assert subsequently discovered liabilities. The identification of any sums held subject to setoff is without prejudice to any other right under 11 U.S.C. § 553 to setoff, against this claim, debts owed to Debtor by this or any other agency

11.     No judgment has been rendered on this claim.

12.     All notices required to be mailed to the Enforcement Office in this action should be mailed to the undersigned.

Respectfully submitted,

Samuel Podberesky
Assistant General Counsel for
     Aviation Enforcement and Proceedings
Department of Transportation
400 Seventh St., S.W.
Room 4116
Washington, D.C. 20590
(202) 366-9342 [Tel.]
(202) 366-7152 [Fax]