## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TEITELBAUM, | |
| Plaintiffs, | Civil Action No. 04-12450-MEL |
| *v.* | |
| ALASKA AIRLINES, *et al.*, | |
| Defendants. | |

## MOTION TO DISMISS BY ALASKA AIRLINES, INC., AMERICAN AIRLINES, INC., AIRTRAN AIRWAYS, INC., CONTINENTAL AIRLINES, INC., HAWAIIAN AIRLINES, INC., SOUTHWEST AIRLINES CO., AND JETBLUE AIRWAYS CORPORATION

Defendants Alaska Airlines, Inc., American Airlines, Inc., AirTran Airways, Inc., Continental Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., and JetBlue Airways Corporation (the "Domestic Defendants") respectfully request that this Court dismiss the *qui tam* amended complaint in this action. Jennifer L. Teitelbaum ("relator") filed this action pursuant to 31 U.S.C. § 3730, the *qui tam* or "whistleblower provision" of the False Claims Act, 31 U.S.C. §§ 3729-33 ("FCA"). The original complaint was filed on November 18, 2004 (docket # 1). The United States declined intervention on September 14, 2005, and the complaint was unsealed the following day (docket ## 12 & 13). On November 17, 2005 the relator filed her present amended complaint (docket # 17).

Relator's amended complaint asserts two central allegations against the Domestic Defendants. First, it alleges that they collected certain government-mandated fees in conjunction with the sale of nonrefundable tickets, but failed to make appropriate refunds of those government-mandated fees to the customers who did not utilize, and thereby forfeited, those

nonrefundable tickets. Second, the amended complaint further alleges that the Domestic

Defendants failed to pay to the federal government the appropriate amounts of these fees and

charges they had collected from their customers.

For the following reasons, relator's cause of action should be dismissed *with prejudice*:

(1)    Relator's complaint fails under the FCA's "public disclosure bar." 31 U.S.C.

§§ 3730(e)(4)(A), (B). All of the allegations asserted in the amended complaint are based upon

information that has previously been identified in lawsuits and government proceedings that are

in the public domain. These "public disclosures" foreclose the Court's jurisdiction over this

matter because the relator has not even alleged that she is an "original source" of the publicly

disclosed information. Relator's claim thus is jurisdictionally barred and should be dismissed.

*See United States ex rel. O'Keeffe v. Sverdup Corp.*, 131 F. Supp. 2d 87, 90-94 (D. Mass. 2001).

(2)    The amended complaint also fails to satisfy the stringent particularity

requirements of Fed. R. Civ. P. 9(b). Rule 9(b) requires a FCA complaint to allege the specific

"time, place, and content of the alleged false or fraudulent representations." *United States ex rel.*

*Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir.), *cert. denied*, __ U.S. __, 125

S.Ct. 59 (2004). The amended complaint merely asserts that the Domestic Defendants submitted

"false or fraudulent statements and records" and "made or used false records or statements."

Amended complaint at ¶¶ 41-42. Such general, conclusory statements do not pass muster under

Rule 9(b) and the amended complaint therefore should be dismissed. *Karvelas*, 360 F.3d at 232.

(3)    Relator only alleges standing under the FCA's *qui tam* provision. 31 U.S.C.

§ 3730(b). The FCA, however, does not give relators the right to assert common law claims on

behalf of the government. *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F.

Supp. 2d 10, 14 (D.D.C. 2003). Counts V through IX, which allege common law claims of

unjust enrichment, recoupment, common law fraud, disgorgement, imposition of constructive trust and conspiracy, should be dismissed *with prejudice* because relator lacks standing under the FCA to bring these causes of action.

(4)    The amended complaint also should be dismissed because it alleges that the Domestic Defendants failed to comply with a federal regulatory scheme. A mere failure to comply with administrative regulations or statutes does not constitute a violation of the FCA. *Karvelas*, 360 F.3d at 234 ("[A]lleged violations of federal regulations are insufficient to support a claim under the FCA."). As a result, the amended complaint must be dismissed.

(5)    The amended complaint is defectively pled because it asserts that the Domestic Defendants failed to make refunds to airline customers – airline customers are private parties and not the government. *See* Amended complaint ¶¶ 2, 5-12. The FCA focuses solely on false statements and claims to the United States government, not private parties. *See* 31 U.S.C. § 3729(a). Any private party claims therefore should be dismissed.

(6)    Counts I-III fail to state a viable claim under 31 U.S.C. § 3729(a)(7) of the FCA – the "reverse false claims" provision. This provision of the FCA seeks to prevent submission of false statements in order to decrease or avoid an obligation to pay or transmit property to the government. 31 U.S.C. § 3729(a)(7). The amended complaint is premised on the Domestic Defendants' alleged false submissions to the government to avoid payment of the collected fees. However, a claim under § 3729(a)(7) must be based on a specific "obligation" that is due and owing to the government as of the time of the alleged false claim, but the relator fails to allege that the Domestic Defendants owe any obligation or specific debt to the government. *See United States ex rel. Graves v. ITT Educ. Servs., Inc.*, 284 F. Supp. 2d 487, 509 (S.D. Tex. 2003). The allegations thus are defective and should be dismissed.

(7)     Count IV should be dismissed because it fails to even mention, let alone properly allege, a conspiracy amongst the Domestic Defendants. *See* 31 U.S.C. § 3729(a)(3).

(8)     The amended complaint fails to address the FCA's statute of limitations and therefore, any allegations relating to the Domestic Defendants' claims or documents filed with the government prior to November 18, 1998 are statutorily time-bared. *See* 31 U.S.C. § 3731(b)(1) (six-year statute of limitations provision).

For all of these reasons, the Domestic Defendants respectfully request that the amended complaint be dismissed *with prejudice* and award their reasonable attorneys fees and costs as incurred herein, and such other and further relief as the Court deems appropriate.  The Domestic Defendants refer the Court to the accompanying Memorandum of Points and Authorities in Support.

Respectfully submitted,

Ronald H. Clark, D.C. Bar No. 283614 (*pro hac vice*)
Randall A. Brater, D.C. Bar No. 475419 (*pro hac vice*)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
Telephone: (202) 857-8191

DECHERT LLP
Matthew A. Porter, BBO #630625
Michael S., Shin, BBO # 658134
200 Clarendon Street, 27th Floor
Boston, MA 02116

*Attorneys for Alaska Airlines, Inc., American Airlines, Inc.,*
*Continental Airlines, Inc., Southwest Airlines Co.,*
*Hawaiian Airlines, AirTran Airways, Inc., and JetBlue*
*Airways Corp.*

Dated: February 13, 2006

4

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for the Domestic Defendants conferred with counsel for the relator in a good faith effort to resolve or narrow the issues in dispute but was unable to do so.

Matthew A. Porter
February 13, 2006