UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA EX REL,       :
JENNIFER L. TEITELBAUM,
                                       :    **CIVIL ACTION NO. 04-12450-MEL**

                 Plaintiff,            :

                                       :
    -against-
                                       :

ALASKA AIRLINES, INC., AMERICAN AIRLINES,
INC., CONTINENTAL AIRLINES, INC., CHINA     :
EASTERN AIRLINES CORPORATION LIMITED,
CHINA SOUTHERN AIRLINES CORPORATION,        :
DEUTSCHE LUFTHANSA, A.G., D/B/A
LUFTHANSA AIRLINES, BRITISH AIRWAYS,        :
PLC, D/B/A BRITISH AIRWAYS, ALITALIA-
LINEE AEREE ITALIAN S.p.A., D/B/A ALITALIA  :
AIRLINES, SOUTHWEST AIRLINES CO., D/B/A
SOUTHWEST AIRLINES, VIRGIN ATLANTIC         :
AIRWAYS, AER LINGUS, AIR FRANCE, AIR
JAMAICA, HAWAIIAN AIRLINES, IBERIA          :
LINEAS AERGAS DE ESPAN, SA, D/B/A IBERIA
AIRLINES, JAPAN AIRLINES COMPANY, LTD,      :
D/B/A JAPAN AIRLINES, KLM ROYAL DUTCH
AIRLINES, QUANTAS EMPIRE AIRWAYS, LTD.,     :
D/B/A QUANTAS AIRWAYS, SINGAPORE
AIRLINES, AIR TRAN AIRWAYS, SA, ATA         :
AIRLINES, INC., AND JETBLUE AIRWAYS
CORP.,                                      :

                 Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW OF DEFENDANTS IBERIA- LÍNEAS AÉREAS DE
ESPAÑA, S.A., JAPAN AIRLINES INTERNATIONAL COMPANY, LTD. KLM ROYAL
DUTCH AIRLINES, QANTAS AIRWAYS LTD., SINGAPORE AIRLINES, LTD. AND
VIRGIN ATLANTIC AIRWAYS, LTD. IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF-RELATOR'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF THE CASE.................................................................................... 1

    A.    The Parties ............................................................................................... 1

    B.    The Original Complaint and Amended Complaint................................... 2

STATEMENT OF FACTS ......................................................................................... 3

ARGUMENT .............................................................................................................. 5

I.    THE COMPLAINT IS LEGALLY DEFICIENT AND FAILS TO STATE A CLAIM UNDER THE FALSE CLAIMS ACT ("FCA") UPON WHICH RELIEF MAY BE GRANTED .................................................................................................... 5

    A.    The Court Lacks Subject Matter Jurisdiction Over The FCA Claims ..................... 6

    B.    All Claims Asserted Under The FCA Must Be Dismissed Due To Relator's Failure To Plead Them With Sufficient Particularity As Required By Fed. R. Civ. P. 9(b).................................................................................. 9

    C.    The Complaint Fails To State A Viable Claim Under Any Section Of The FCA ........................................................................................... 10

            1.    Counts I, II And IV Of The Complaint Fail To State A Viable Claim Under 31 U.S.C. §§ 3729(a)(1)-(3)................................................... 11

            2.    Count III Of The Complaint Fails To State A Viable Claim Under 31 U.S.C. § 3729(a)(7)................................................................... 13

II.    RELATOR IS NOT ENTITLED TO RECOVERY ON THE COMMON LAW CAUSES OF ACTION ASSERTED IN THE COMPLAINT .......................................... 15

    A.    Counts V-IX Of The Complaint Should Be Dismissed Because Relator Lacks Standing To Assert Common Law Causes Of Action On Behalf Of The United States ................................................................................................. 15

    B.    Counts V-IX Of The Complaint Should Be Dismissed As Insufficiently Pled And Legally Deficient ............................................................................. 16

1.   The Equitable Remedies Of Unjust Enrichment And Disgorgement Of Profits Are Unavailable Because The FCA Provides An Adequate Remedy At Law ..................................................................................................16

2.   Relator Fails To Properly State a Claim For Common Law Fraud .................17

3.   Relator Fails To State a Common Law Claim For Civil Conspiracy .............18

CONCLUSION...............................................................................................................19

# TABLE OF CONTENTS

**Page**

*Cases:*

*Arruda v. Sears Roebuck & Co.*, 310 F.3d 13 (1st Cir. 2002) .......................................9,10

*Aversa v. United States*, 99 F.3d 1200(1st Cir. 1996) ...................................................6n

*Copperbeech Partnership, Ltd. v. Seegel, Lipshutz and Wilchins, P.C.*,
17 Mass L. Rptr., 2004 WL 1431052 (Mass. Sup. Ct. 2004) .......................................17

*Doyle v. Hasbro, Inc.*, 103 F.3d 186 (1st Cir. 1996) ......................................................9

*Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475 (2d Cir. 1995)........................................9

*Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*,
125 S. Ct. 2444 (2005).................................................................................................11

*Harrington, et al v. Delta Airlines, Inc., et al.*, No. 04-12558 (D. Mass.)(NMG)........7

*Heinrich v. Sweet*, 49 F. Supp. 2d 27 (D. Mass. 1999)...................................................18

*In re Cabletron Sys., Inc.*, 311 F.3d 11 (1st Cir. 2002) ...................................................9

*In re Pharmaceutical Industry Wholesale Price Litigation*, 321 F. Supp. 2d 187
(D. Mass. 2004)...........................................................................................................14

*Kadar Corp. v. Milbury,* 549 F.2d 230 (1st Cir. 1977)...................................................19

*Kurker v. Hill,* 44 Mass. App. Ct. 184, 689 N.E.2d 833 (1998) ...................................18

*Kusner v. Hepburn, Willox, Hamilton & Putnam*, No. Civ. A. 00-6313,
2001 WL 34368779 (E.D. Pa. Nov. 25, 2001) ...........................................................16

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................................................15

*Maturi v. McLaughlin Research Group*, 413 F.3d 166 (1st Cir. 2005)..........................11

*Mayes v. Chrysler Credit Corp.,* 167 F.3d 675 (1st Cir. 1999) .....................................16n

*Naisuler v. Bradley*, No. 954308, 1999 WL 1324270 (Mass. Super. Feb. 23, 1999)....17

*New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987)......................9

*Northrup v. Brigham*, 63 Mass. App. Ct. 362, 369, 826 N.E.2d 239 (2005)..................17

*Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168 (1st Cir. 1995) ............................................16n

*Slaney v. Westwood Auto*, 366 Mass. 688, 322 N.E. 2d 768 (1975) ..............................................17

*United States v. American Heart Research Foundation, Inc.*, 996 F.2d 7 (1st Cir. 1993) ........13,14

*United States v. Buckley*, No. 00-11632-RWZ, 2005 WL 164287 (D. Mass. Jan. 25, 2005)........16

*United States v. Neifert-White Co.*, 390 U.S. 228 (1968) ...............................................................11

*United States v. President and Fellows of Harvard College*, 323 F. Supp. 2d 151
(D. Mass. 2004).............................................................................................................................11

*United States v. Rivera*, 55 F.3d 703 (1st Cir. 1995) ....................................................................11

*United States ex rel. Alcohol Found, Inc. v. Kalmanovitz Charitable Found.*,
186 F. Supp. 2d 458 (S.D.N.Y. 2002)...........................................................................................8

*United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 255 F. Supp. 2d 351
(E.D. Pa. 2002)..............................................................................................................................13

*United States ex rel. Capella v. Norden Sys., Inc.*, No. 3:94-CV-2063, 2000 WL 1336487
(D. Conn. Aug. 24, 2000) ...........................................................................................................10n

*United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39(D. Mass. 2001)....................10

*United States ex rel. Huangyan Import and Export Corp. v. Nature's Farm Prod. Inc.*,
370 F. Supp. 2d 993 (N.D. Cal. 2005) ........................................................................................13

*United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211 (9th Cir. 1996) ............................10n

*United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220
(1st Cir. 2004) ....................................................................................................................... *passim*

*United States ex rel. Kreindler v. United Tech. Corp.*, 985 F.2d 1148 (2d Cir. 1993)...................7

*United States ex rel. LaValley v. First Nat'l Bank of Boston*, 707 F. Supp. 1351
(D. Mass. 1988)..............................................................................................................................6

*United States ex rel. LeBlanc v. Raytheon Co.*, 874 F. Supp. 35 (D. Mass. 1995).......................6n

*United States ex rel. McKenzie v. Bellsouth Telecommuniations, Inc.*, 123 F.3d 935 (6th Cir.
1997) ............................................................................................................................................7,8

*United States ex rel. Mistick PBT v. Housing Auth. of Pittsburgh*, 186 F.3d 376
(3d Cir. 1999).................................................................................................................................8

*United States ex rel. O'Keeffe v. Sverdup Corp.*, 131 F. Supp. 2d 87
(D. Mass. 2001) ............................................................................................6,7,8

*United States ex rel. Phipps v. Comprehensive Community Development Corp.*,
152 F. Supp. 2d 443 (S.D.N.Y. 2001) ..................................................................16

*United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System*,
274 F. Supp. 2d 824 (S.D. Tex. 2002) ..................................................................14

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 200 F. Supp. 2d 673
(S.D. Tex. 2002), *rev'd on other grounds*, 355 F.3d 370 (5th Cir. 2004) ...................11n

*United States ex rel. Springfield Terminal Rwy.*, 14 F.3d 645 (D.C. Cir. 1994) ............................8

*United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*,
6 F. Supp. 2d 263 (S.D.N.Y. 1998) ..................................................................10n

*United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141 (D. Mass 2000).............15

*Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000)...................9,15

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) ..................................................................15

**Constitution, Statutes, Regulations and Rules:**

26 U.S.C. § 4261 ..................................................................................................4

28 U.S.C. § 1367(c)(3)..........................................................................................16n

False Claim Act, 31 U.S.C. §§ 3729 *et seq*..................................................... *passim*

49 C.F.R. § 1510 ..................................................................................................4

49 U.S.C. § 40117 ..................................................................................................4

Fed. R. Civ. P. 9(b) ..........................................................................................1,6,9,10

Fed. R. Civ. P. 12(b)(1)..........................................................................................1,6n

Fed. R. Civ. P. 12(b)(6)..........................................................................................1,10

7 C.F.R. § 354.3(f) ..................................................................................................4

14 C.F.R. §158.5 ..................................................................................................4

14 C.F.R. § 286 ..................................................................................................4

19 C.F.R. § 24.22(g) .................................................................................................4

*Other Authorities:*

Restatement (Second) of Torts § 876 (1977) .................................................................18

## PRELIMINARY STATEMENT

Defendants Iberia – Líneas Aéreas de España, S.A., Japan Airlines International Company, Ltd. (incorrectly sued as "Japan Airlines Company, Ltd., d/b/a Japan Airlines"), KLM Royal Dutch Airlines, Qantas Airways Limited, Singapore Airlines, Ltd. and Virgin Atlantic Airways, Ltd. (hereinafter collectively referred to as the "Foreign Airline Defendants"), submit this memorandum of law in support of their motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that: (1) the Court lacks subject matter jurisdiction over the claims, (2) the Amended Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 9(b), and (3) the Amended Complaint fails to state a claim upon which relief may be granted under the False Claim Act, 31 U.S.C. §§ 3729, *et seq.* and common law.

## STATEMENT OF THE CASE

This is a *qui tam* action against various domestic and foreign air carriers pursuant to the False Claim Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"). Section 3729(a) of the FCA prohibits the knowing submission of false or fraudulent claims to the United States and § 3730 grants private individuals limited authority to pursue, on behalf of the United States, claims for violation of the FCA. The Amended Complaint alleges violation of § 3729(a) and, in addition, asserts various common law claims.

### A.    The Parties

Plaintiff-Relator Jennifer Teitelbaum (hereinafter "Relator"), allegedly a resident of Massachusetts, is the Relator for the United States in this *qui tam* action. The Amended Complaint provides no further information regarding the Relator or the basis of her knowledge.

Each of the Movants is a duly authorized foreign air carrier engaged in the international transportation of passengers, baggage and cargo to and from the United States.

## B.     The Original Complaint and Amended Complaint

Relator filed the original Complaint on November 18, 2004 in camera and under seal for the United States to investigate its allegations pursuant to the FCA.   *See* Docket Entry No. 1. On September 14, 2005, the United States filed a Notice of Election to Decline Intervention in this action. *See* Docket Entry No. 12.  By Order dated September 15, 2005, this Court ordered, *inter alia*, that the original Complaint be unsealed and served upon the defendants. *See* Docket Entry No. 13.

On November 17, 2005, Relator filed an Amended Complaint (hereinafter "Complaint") (*see* Docket Entry No. 14), asserting four counts pursuant to the FCA and five common law counts against each of the Foreign Airline Defendants.

***The FCA Causes of Action.***  Relator asserts four separate causes of action under the FCA, alleging as follows:

**Count I – Violation of 31 U.S.C. § 3729(a)(1):**  the Foreign Airline Defendants "falsely and fraudulently as well as knowingly used false records or statements which concealed and avoided paying debts and transmitted funds owed to the United States."

**Count II – Violation of 31 U.S.C. § 3729(a)(2):**  the Foreign Airline Defendants "knowingly used, or caused to be made or used, false records or statements to conceal or avoid paying obligations owed the United States."

**Count III – Violation of 31 U.S.C. § 3729(a)(7):**  the Foreign Airline Defendants "knowingly made, used, or caused to be made or used a false record or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the United States."

**Count IV – Violation of 31 U.S.C. § 3729(a)(3):**  the Foreign Airline Defendants "each submitted false claims, statements and records identified herein."

*The Common Law Causes of Action.*  In addition to the four claims asserted under the FCA, Relator asserts five common law causes of action, alleging as follows:

**Count V – Unjust Enrichment:**  the Foreign Airline Defendants were unjustly enriched as a result of "directly or indirectly obtaining government funds to which they were not entitled."

**Count VI – Common Law Recoupment**:  the Foreign Airline Defendants are liable under the common law of recoupment to return monies the defendants "unlawfully kept for themselves and failed to pay to the United States."

**Count VII – Common Law Fraud:**  the Foreign Airline Defendants made fraudulent misrepresentations to the United States which the United States acted in reliance upon, costing the United States millions of dollars in user fees "wrongfully retained by the [Foreign Airline] [D]efendants."

**Count VIII – Disgorgement of Illegal Profits, Imposition of a Constructive Trust and an Accounting**:  the Foreign Airline Defendants wrongfully failed to pay unearned funds and user fees or taxes to the United States, and, therefore, Relator is entitled to disgorgement, an accounting and a constructive trust.

**Count IX – Civil Conspiracy:**  the Foreign Airline Defendants conspired to unjustly enrich themselves, thereby causing monetary losses to the United States.

## STATEMENT OF FACTS

Relator's claims are based upon alleged "false … statements defendants made or caused to be made to the United States and to people who have forfeited airline tickets and/or had nonrefundable tickets for airline travel and who paid" certain taxes, fees and charges *See*

3

Complaint, ¶ 2. Relator alleges that the Foreign Airline Defendants were required to collect the following taxes, fees and charges (hereinafter collectively referred to as "Fees" unless otherwise required by the context) and to hold them in trust before remittance to the "appropriate fee-levying authorities":

- Passenger Facility Charge ("PFC") (usually denoted as "XF"), required by 49 U.S.C. § 40117 and 14 C.F.R. §158.5.

- U.S. Customs User Fees (usually denoted as "YC"), required by 19 C.F.R. § 24.22(g).

- Immigration User Fee (usually denoted as "XY"), required by 14 C.F.R. § 286.

- Animal, Plant and Health Inspection Fee (usually denoted as "XA"), required by 7 C.F.R. § 354.3(f).

- Civil Aviation Service Fee (usually denoted as "AY"), required by 49 C.F.R. § 1510.

- "Foreign Charges," taxes imposed by The Internal Revenue Code, 26 U.S.C. § 4261.

*See* Complaint at ¶¶ 2, 5-12.[1]

Without providing any details as to amounts, time, place, and content, Relator claims that the Foreign Airline Defendants collected the above Fees but submitted or caused to be submitted false or fraudulent statements and records of the Fees collected to the United States and failed to pay to the United States the collected Fees *or refund the Fees to ticket purchasers where the tickets were not used for travel. See* Complaint, ¶¶ 41-42, 55.

The Complaint, however, states that these Fees *do not* become due until a passenger actually uses the service, and that if the "passenger doesn't use the fee, the fee does not have to

---

[1]    As Relator alleges, PFCs are "assessed by a regional or local public agency for approved airport improvements" and "Foreign Charges" are levied by "authorities outside the United States." Complaint, ¶ 5. Thus, these charges cannot form the basis for the FCA claims, because they do not relate to obligations owing to the United States.

be paid to the fee-levying authority." *See* Complaint, ¶¶ 9-10. Relator further alleges that if the Fees never become due, they should be returned to the person who paid the Fees. *See* Complaint, ¶ 11. The remaining allegations in the Complaint are vague, but appear to be that the Foreign Airline Defendants retained Fees which were paid when tickets were purchased and should have been refunded to the purchasers when the tickets were not used. *See* Complaint, ¶¶ 40, 52.

Thus, the Complaint does not allege that any claim for payment was made by the Foreign Airline Defendants to the United States, nor does it allege that the Foreign Airline Defendants were required to pay to the United States any Fees that were collected in connection with tickets that were never used. The Complaint alleges only that when the tickets were not used, the Foreign Airline Defendants retained Fees which should have been refunded to the passengers.

## ARGUMENT

### I

### THE COMPLAINT IS LEGALLY DEFICIENT AND FAILS TO STATE A CLAIM UNDER THE FALSE CLAIMS ACT ("FCA") UPON WHICH RELIEF MAY BE GRANTED

Relator has brought four separate causes of action under the FCA. Counts I, II and IV attempt to assert traditional *qui tam* causes of action, where liability attaches to fraudulent attempts to obtain payment from the United States. Count III asserts a "reverse false claim" cause of action, where the allegation is that the defendant fraudulently avoided payment owing to the United States. The Complaint should be dismissed as a matter of law because: (1) the Court lacks subject matter jurisdiction over the FCA and common law claims; (2) the Complaint fails to plead FCA and common law fraud claims with sufficient particularity as required by Fed. R.

Civ. P. 9(b); and (3) the Complaint fails to state a cause of action under any section of the FCA or common law.

**A.      The Court Lacks Subject Matter Jurisdiction Over The FCA Claims**

The Court lacks subject matter jurisdiction over the Relator's FCA allegations because the allegations are based on information that was publicly disclosed prior to the commencement of this action.[2] Section 3730(e)(4)(A) of the FCA states:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).

In determining whether a suit is barred pursuant to this section, the Court must determine whether (1) there has been a public disclosure, (2) if so, whether the FCA allegations are based on this public disclosure, and (3) if so, whether the Relator is an "original source" of this information.  *See United States ex rel. O'Keeffe v. Sverdup Corp.*, 131 F. Supp. 2d 87, 91 (D. Mass. 2001); *United States ex rel. LaValley v. First Nat'l Bank of Boston*, 707 F. Supp. 1351, 1366 (D. Mass. 1988).

*1.  Public Disclosure.*  A public disclosure under § 3730(e)(4)(A) can be made through news media, judicial proceedings and government reports.  To the extent the Complaint can be construed to assert that certain Fees were owed and not remitted to the Government, these

---

[2]      Once a defendant moves pursuant to Rule 12(b)(1) for dismissal on the basis that subject matter jurisdiction is lacking, the plaintiff bears the burden of proof to demonstrate the existence of jurisdiction. *See Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996): *United States ex rel. LeBlanc v. Raytheon Co.*, 874 F. Supp. 35, 37 (D. Mass. 1995) (on a motion attacking subject matter jurisdiction, "allegations of the complaint will not be cloaked with a presumption of truth," as they are with a  Rule 12(b)(6) motion).

allegations are nearly identical to allegations set forth in *Harrington, et al v. Delta Airlines, Inc., et al.*, No. 04-12558 (D. Mass.)(NMG), commenced two weeks prior to this action. *See* Exhibit 3 to the Memorandum of Law in Support of the Domestic Airlines ("Domestic Airlines' Memorandum of Law").[3] Paragraph 1 of the *Harrington* complaint states in relevant part:

> The defendant airlines collect these taxes and fees [referring to passenger facility charge user fees, zip tax user fees and foreign landing taxes or user fees] as a fiduciary in order to pay them to the applicable government agencies but the plaintiff class did not use the airline tickets and the defendant airlines *did not pay these fees and taxes to the government agencies* but, rather, they wrongfully and unjustly enriched themselves by keeping said funds. . . . The defendant airlines have hidden and concealed from the plaintiff class the fact that said fees and taxes collected *have not been paid to the respective government agencies*.

*Harrington* Complaint, ¶ 1 (emphasis added).

Similar allegations were made public as long ago as July 1995. *See Airports* at 281 (vol. 12, Issue 29, July 18, 1995) (discussing FAA and DOT warning to airlines regarding failure to properly remit PFCs collected from passengers), attached as Exhibit 5 to the Domestic Airlines' Memorandum of Law; *FAA Passenger Facility Charge Audit Guide for Air Carriers* (July 1999), attached as Exhibit 6 to the Domestic Airlines' Memorandum of Law; FAA Order 5500.1 at 103-105 (August 9, 2001), attached as Exhibit 7 to the Domestic Airlines' Memorandum of Law.[4]

These documents are sufficient to establish the prior public disclosure of the Relator's allegations. *See O'Keeffe*, 131 F. Supp. 2d at 91; *see also United States ex rel. Kreindler v. United Tech. Corp.*, 985 F.2d 1148, 1157-58 (2d Cir. 1993); *United States ex rel. McKenzie v.*

---

[3]    The *Harrington* action was filed in the Middlesex Superior Court, Commonwealth of Massachusetts, on November 4, 2004 and removed to this Court on December 6, 2004.

[4]    While the public disclosure bar to jurisdiction is discussed herein only with regard to allegations that Fees were not remitted to the Government (as the FCA relates only to damages to the United States, not individuals), a similar public disclosure has occurred with regard to claims that the Foreign Airline Defendants improperly failed to refund the Fees to the respective passengers. *See* Exhibits 1-4 attached to the Domestic Airlines' Memorandum of Law.

*Bellsouth Telecommunications, Inc.*, 123 F.3d 935, 939 (6th Cir. 1997); *United States ex rel. Alcohol Found, Inc. v. Kalmanovitz Charitable Found.*, 186 F. Supp. 2d 458, 463 (S.D.N.Y. 2002).

  **2. *Basis for False Claims Act Allegations.***  To satisfy this requirement, the Relator's allegations need not be identical to the public disclosures.  It is sufficient that "the supporting allegations are similar to or 'the *same as* those that have been publicly disclosed ... *regardless of where the relator obtained his information.*'"  *O'Keeffe*, 131 F. Supp. 2d at 92 (emphasis in original) (*quoting United States ex rel. Mistick PBT v. Housing Auth. of Pittsburgh*, 186 F.3d 376, 386-88 (3d Cir. 1999).  Again, the allegations in the Complaint are nearly identical to those contained in the previously filed *Harrington* action and are "similar" to allegations made almost a decade ago.  Accordingly, these FCA claims are "based" on public disclosures.

  **3. *Original Source.***  Because these FCA claims are based on public disclosures, subject matter jurisdiction exists here only if the Relator is an "original source."  *See* 31 U.S.C. § 3730(e)(4)(A).  In order to qualify as an original source, the Relator must be "an individual who has direct and independent knowledge of the information on which the allegations are based . . . ."  *See* 31 U.S.C. § 3730(e)(4)(B).  This provision requires a showing that the Relator's knowledge is "both direct and independent."  *See O'Keeffe*, 131 F. Supp. 2d at 93; *United States ex rel. Springfield Terminal Rwy.*, 14 F.3d 645, 656 (D.C. Cir. 1994).  Relator has made no allegation that she is an original source with direct and independent knowledge upon which the FCA claims are based.

  Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction under 31 U.S.C. § 3730(e)(4)(A).

**B.    All Claims Asserted Under The FCA Must Be Dismissed Due To Relator's Failure To Plead Them With Sufficient Particularity As Required By Fed. R. Civ. P. 9(b)**

"'It is self-evident that the FCA is an anti-fraud statute.'" *United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 227 (1st Cir. 2004) (*quoting Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1476 (2d Cir. 1995)). Thus, it is well settled that claims asserted under the FCA involve "averments of fraud" subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Id.*; *see also Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 781 n.10 (2000). Fed. R. Civ. P. 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind may be averred generally.

Rule 9(b) requires that any averments of fraud specify the time, place, and content of the alleged false or fraudulent misrepresentations. *See Karvelas*, 360 F.3d at 226; *Arruda v. Sears Roebuck & Co.*, 310 F.3d 13, 18-19 (1st Cir. 2002). This requirement "give[s] notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover the relevant information during discovery." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996); *see also Karvelas*, 360 F.3d at 226. The allegations of fraud may be based on personal knowledge or on information and belief, but if based on information and belief, the plaintiff also must set forth the facts on which the belief is founded. *See New England Data Services, Inc. v. Becher*, 829 F.2d 286, 288 (1st Cir. 1987); *In re Cabletron Sys., Inc.*, 311 F.3d 11, 28 (1st Cir. 2002).

Relator's Complaint fails to meet the heightened pleading requirements of Rule 9(b). The Complaint not only fails to identify "the time, place, and content of the alleged false or fraudulent misrepresentations," but does not even plead facts indicating that any fraud has been

9

committed. Relator alleges only that certain Fees are paid to the Foreign Airline Defendants upon the purchase of tickets, and that these Fees were not refunded to certain unnamed passengers whose tickets were not used. *See* Complaint, ¶ 2. The Complaint does not reference any false claims or fraudulent misrepresentations made to the United States, let alone provide the necessary particulars surrounding the alleged false claims or misrepresentations.[5]

Accordingly, the Complaint should be dismissed due to Relator's failure to plead the FCA causes of action with the requisite particularity required by Rule 9(b).

**C.    The Complaint Fails To State A Viable Claim Under Any Section Of The FCA**

A complaint should be dismissed under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 50 (D. Mass. 2001). While plaintiff's well-pleaded facts must be accepted as true and all reasonable inferences must be drawn in favor of the plaintiff, the court will reject claims if they are bald assertions or unsupportable conclusions. *See Arruda*, 310 F.3d at 18. The objective is to determine whether the complaint alleges facts sufficient to make out a cognizable claim. *See Karvelas*, 360 F.3d at 224.

---

[5]    Moreover, Relator states that the claims made therein "are for a minimum of six (6) years from November 20, 1998 onward and for up to ten (10) years from November 20, 1994 as to the violations complaint [sic] of herein constitute ongoing violations." To the extent Relator's claims relate to fraudulent claims allegedly made by the Foreign Airline Defendants more than six years prior to commencement of this action, they must be dismissed pursuant to the six year statute of limitations set forth in 31 U.S.C. § 3731(b). *See United States ex rel. Capella v. Norden Sys., Inc.*, No. 3:94-CV-2063, 2000 WL 1336487, at *12 (D. Conn. Aug. 24, 2000); *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 6 F. Supp. 2d 263, 265 (S.D.N.Y. 1998); *but see United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1214-1216 (9th Cir. 1996).

Assuming the Complaint could overcome the Rule 9(b) hurdle, the allegations of the Complaint, even if true, are insufficient to support a claim under any section of the FCA.[6]

### 1. Counts I, II And IV Of The Complaint Fail To State A Viable Claim Under 31 U.S.C. §§ 3729(a)(1)-(3)

The FCA prohibits a person from making a false or fraudulent "claim" seeking payment from the United States. 31 U.S.C. § 3729(a); *see Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 125 S. Ct. 2444, 2447 (2005); *Maturi v. McLaughlin Research Group*, 413 F.3d 166, 171-72 (1st Cir. 2005). A "claim" is defined as:

> any request or demand . . . for money or property which is made . . . if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse . . . any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(c).

A FCA "claim" must have the practical purpose and effect, and pose the attendant risk, of inducing wrongful payment. *See United States v. President and Fellows of Harvard College*, 323 F. Supp. 2d 151, 178 (D. Mass. 2004); *see also United States v. Rivera*, 55 F.3d 703, 710 (1st Cir. 1995). Thus, a FCA "claim" is limited to "fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968); *see also President and Fellows of Harvard College*, 323 F. Supp. 2d at 178.

---

[6]    The Complaint is noticeably devoid of any reference to a "false or fraudulent" record or statement as required by the FCA. Even if the Complaint is interpreted to allege that the Fees should have been remitted to the United States pursuant to the relevant regulatory framework, this is insufficient to support the FCA claims. *See Karvelas*, 360 F.3d at 234 (violation of a federal regulation is, itself, insufficient to support an action under the FCA); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 200 F. Supp. 2d 673, 679 (S.D. Tex. 2002), *rev'd on other grounds*, 355 F.3d 370 (5th Cir. 2004) (the FCA should not be interpreted to create liability every time a defendant "fails to comply with all applicable regulations").

In *Karvelas*, 360 F.3d at 224, the Court of Appeals set forth the standards for liability under the FCA, as follows:

> The FCA imposes liability upon persons who 1) present or cause to be presented to the United States government, a claim for approval or payment, where 2) that claim is false or fraudulent, and 3) the action was undertaken "knowingly," in other words, with actual knowledge of the falsity of the information contained in the claim, or in deliberate ignorance or reckless disregard of the truth or falsity of that information.

"Not all fraudulent conduct gives rise to liability under the FCA." *Id.* Rather, liability attaches only to a claim for payment, "not to the underlying fraudulent activity." *Id.*

Counts I, II and IV of the Complaint assert claims under §§ 3729(a)(1)-(3),[7] which impose liability upon any person who:

- "knowingly presents, or causes to be presented, to an offer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval" (31 U.S.C. § 3729(a)(1));

- "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government" (31 U.S.C. § 3729(a)(2)); or

- "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid" (31 U.S.C. § 3729(a)(3)).

The Complaint is devoid of any allegation that the Foreign Airline Defendants caused or attempted to cause the United Sates to pay them money or that there was a conspiracy to defraud the Government. The Complaint simply alleged that the Foreign Airline Defendants received various Fees from individuals who purchased tickets for transportation but did not travel, and that the Foreign Airline Defendants improperly retained those Fees. Counts I and II allege that the Airline Defendants used false records or statements to conceal or avoid paying obligations to

---

[7] As discussed below, Counts I, II and IV appear to assert similar "reverse false claims," which are proper only under 31 U.S.C. § 3729(a)(7).

the United States (*see* Complaint, ¶¶ 43, 45) and Count IV alleges that "defendants each submitted false claims, statements and records identified herein" (*see* Complaint ¶ 49). These allegations do not relate to a "claim" as defined by § 3729(c) and referenced in §§ 3729(a)(1)-(3).

Moreover, Count IV should be dismissed because (1) Relator has not set forth any factual allegations that there was a conspiracy, and (2) to the extent Relator's claims under § 3729(a)(3) in Count IV can be construed to assert a claim for a reverse false claims conspiracy, § 3729(a)(3) does not apply. *See United States ex rel. Huangyan Import and Export Corp. v. Nature's Farm Prod. Inc.*, 370 F. Supp. 2d 993, 1003-04 (N.D. Cal. 2005); *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 255 F. Supp. 2d 351, 413-14 (E.D. Pa. 2002).

Accordingly, Counts I, II and IV of the Complaint should be dismissed as a matter of law.

### 2.  Count III Of The Complaint Fails To State A Viable Claim Under 31 U.S.C. § 3729(a)(7)

Relator apparently attempts to establish a "reverse false claim," which is governed by 31 U.S.C. § 3729(a)(7). Relator, however, fails to plead a viable "reverse false claim" cause of action in Count III of the Complaint.

In 1986, the FCA was amended to add what is commonly referred to as a "reverse false claim" action. *See* 31 U.S.C. § 3729(a)(7); *United States v. American Heart Research Foundation, Inc.*, 996 F.2d 7, 9 (1st Cir. 1993). Section 3729(a)(7) creates liability for a person who:

> knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

Specifically, a reverse false claim relates to conduct that leads to an underpayment to the United States. *Id.*; *see also In re Pharmaceutical Industry Wholesale Price Litigation*, 321 F. Supp. 2d 187, 201 (D. Mass. 2004). The elements of a cause of action under § 3729(a)(7) are:

> (1) that the defendant made, used, or caused to be used a record or statement to conceal, avoid, or decrease an obligation to the United States; (2) that the statement or record was false; (3) that the defendant knew that the statement or record was false; and (4) that the United States suffered damages as a result.

*United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System*, 274 F. Supp. 2d 824, 840 (S.D. Tex. 2002).

Relator fails to plead any facts to support a claim that the Foreign Airline Defendants "knowingly made, used, or caused to be made or used a false record or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the United States." *See* Complaint, ¶ 47. The Complaint not only fails to allege any such conduct but make clear that *no* Fees were due to the United States because the passengers never traveled. Relator alleges:

1. that the various Fees are due upon passenger enplanement, passenger arrival from abroad, or the provision of services "'in connection with arrival of each passenger' from outside the Customs territory of the United States." *See* Complaint, ¶¶ 5, 9.

2. where "a passenger does not use the fee, the fee does not have to be paid to the fee-levying authority." *See* Complaint, ¶ 10.

3. "if the fee never becomes due to the levying authority, it should be returned to the person who paid the fee." *See* Complaint, ¶ 11.

Of course, the "person" who paid the Fee is the passenger, not the United States. Thus, based upon the allegations of the Complaint, the Foreign Airline Defendants could not have made a false record/statement to avoid or decrease an obligation to pay money to the United States because the obligation never arose.

14

Count IV of the Complaint should be dismissed as a matter of law because there was no obligation to the United States.

II

### RELATOR IS NOT ENTITLED TO RECOVERY ON THE COMMON LAW CAUSES OF ACTION ASSERTED IN THE COMPLAINT

**A.    Counts V-IX Of The Complaint Should Be Dismissed Because Relator Lacks Standing To Assert Common Law Causes Of Action On Behalf Of The United States**

Relator lacks standing to assert the common law causes of action set forth in the Counts V-IX of the Complaint and, accordingly, these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

To establish standing under Article III of the United States Constitution, a plaintiff must establish (1) an injury in fact, (2) causation, and (3) redressibility.  *See Vt. Agency of Nat. Resources*, 529 U.S. at 771; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To demonstrate an injury in fact, the plaintiff must demonstrate "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" *Vt. Agency of Nat. Resources*, 529 U.S. at 771 (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).  The harm being redressed must have been suffered *by the plaintiff*.

In a *qui tam* action, the relator is suing to remedy an injury in fact to the United States, not herself.  "While [t]he FCA can reasonably be regarded as effecting a partial assignment of the Government's damages claim" (*Vt, Agency of Nat. Resources,* 529 U.S. at 773), it does not assign to the relator any right to assert common law causes of action.  In *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass 2000), the Court held that "the FCA does not give relators the right to assert common law claims on behalf of the United States," and  dismissed common law claims asserted by a relator along with the FCA claims.

15

*Accord Kusner v. Hepburn, Willox, Hamilton & Putnam*, No. Civ. A. 00-6313, 2001 WL
34368779 at *5 (E.D. Pa. Nov. 25, 2001); *United States ex rel. Phipps v. Comprehensive
Community Development Corp.*, 152 F. Supp. 2d 443, 451-52 (S.D.N.Y. 2001).

Here, the action is brought by "United States of America *Ex Rel*, Jennifer L. Teitelbaum,"
not Jennifer L. Teitelbaum individually.  Because a relator does not have standing to assert
common law claims on behalf of the United States, Counts V-IX of the Complaint must be
dismissed as a matter of law.

**B.      Counts V-IX Of The Complaint Should Be Dismissed As Insufficiently Pled
           And Legally Deficient**

In addition to the foregoing, Relator's common law claims (Counts V-IX) suffer from the
same deficiencies as the FCA claims and, therefore, should be dismissed as insufficiently pled or
improper as a matter of law.[8]

**1.      The Equitable Remedies Of Unjust Enrichment And Disgorgement Of Profits
           Are Unavailable Because The FCA Provides An Adequate Remedy At Law**

Counts V, VI and VIII of the Complaint assert claims for equitable relief – unjust
enrichment, recoupment,[9] disgorgement, constructive trust and accounting.   The equitable
remedies of unjust enrichment and disgorgement of illegal profits are unavailable when there is
an adequate remedy at law.  *See United States v. Buckley*, No. 00-11632-RWZ, 2005 WL
164287, at *1 (D. Mass. Jan. 25, 2005) (stating the equitable remedies of unjust enrichment and

---

[8]      If the Relator's FCA claims are dismissed, this Court should decline to exercise
jurisdiction over the Relator's common law causes of action pursuant to 28 U.S.C. § 1367(c)(3).
*See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) (stating general rule
that an early dismissal of all federal claims will generally lead to the dismissal of all
supplemental state law claims).

[9]      Recoupment is a defense, not an affirmative cause of action.  *Mayes v. Chrysler Credit
Corp.*, 167 F.3d 675, 678 (1st Cir. 1999).

disgorgement are unavailable as the FCA provides an adequate remedy at law). As in *Buckley*, if the United States was damaged by the Foreign Airline Defendants' alleged false claims, the FCA, which allows for treble damages and an additional civil penalty (*see* 31 U.S.C. § 3729(a)), provides an adequate remedy at law and the equitable remedies of unjust enrichment and disgorgement are not available.

Finally, because the claim for unjust enrichment is not available and there are no damages, there is no need for a constructive trust (*see Northrup v. Brigham*, 63 Mass. App. Ct. 362, 369, 826 N.E.2d 239, 245 (2005)) or an accounting (*see Naisuler v. Bradley*, No. 954308, 1999 WL 1324270, at * 3 (Mass. Super. Feb. 23, 1999)).

**2.  Relator Fails To Properly State a Claim For Common Law Fraud**

Count VII of the Complaint alleges a common law fraud claim. To recover for common law fraud or deceit, Relator must establish that the Foreign Airline Defendants misrepresented a material fact, with knowledge of its falsity, for the purpose of inducing action thereon, and that Relator relied on the representation as true and acted upon it to her detriment. *See Slaney v. Westwood Auto*, 366 Mass. 688, 703, 322 N.E. 2d 768, 779 (1975); *Copperbeech Partnership, Ltd. v. Seegel, Lipshutz and Wilchins, P.C.*, 17 Mass L. Rptr., 2004 WL 1431052, at * 2 (Mass. Sup. Ct. 2004). As fully discussed *supra* at 9-10, Relator has not only failed to plead the above elements with sufficient particularity as required by Fed. R. Civ. P. 9(b), but the allegations in the Complaint establish that Relator cannot plead fraud because, according to Relator's own allegations, the United States did not sustain damages (*see* discussion *supra* at 13-15). Thus, the cause of action for common law fraud (Count VII) should be dismissed.

17

### 3.  Relator Fails To State a Common Law Claim For Civil Conspiracy

Count IX of the Complaint asserts a common law action for civil conspiracy.  The courts in Massachusetts recognize a civil conspiracy cause of action for a claim arising from a concerted action between individuals whereby liability is imposed on one individual for the tort of another, as described in § 876 of the Restatement (Second) of Torts (1977).  *See Kurker v. Hill,* 44 Mass. App. Ct. 184, 188-89, 689 N.E.2d 833, 836-37 (1998).   Section 876 of the Restatement (Second) of Torts states:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he:
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*See Heinrich v. Sweet*, 49 F. Supp. 2d 27, 44 (D. Mass. 1999) (*citing Kurker*, 44 Mass. App. Ct. at 188-89, 689 N.E.2d at 836-37).  Because the alleged underlying tortious act for the conspiracy is fraud, the Complaint must satisfy both the heightened pleading requirement of Fed. R. Civ. P. 9(b) for fraud, as well as the ordinary requirement of alleging each essential element for a law civil conspiracy claim.  *Id.* at 44.

The Complaint identifies two alleged acts of conspiracy by the defendants:  (1) a manifest common plan of not informing Relator[10] of her rights to funds; and (2) wrongfully retaining

---

[10]    The Complaint presumably uses "plaintiff" in this context in reference to the Government.  *See* Complaint, ¶ 60.  However, the allegation later states that unused fees and taxes were to be paid to "plaintiffs," which apparently refers to individuals, such as Teitelbaum.

those funds. *See* Complaint, ¶ 60. As discussed *supra,* these allegations do not (and cannot) contain the specific factual basis necessary to make out a claim for fraud under Rule 9(b).

In addition, Relator fails to allege any factual basis for the purported conspiracy. The Complaint does not set forth how the Foreign Airline Defendants may have acted in concert to produce a common planned act of fraud. *See Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir. 1977) (dismissing the civil conspiracy claims against several defendants because "nowhere is there so much as a hint as to what specifically, any of the [defendants] are supposed to have done. Nor can the probable nature of their actions be gleaned from the nature of the conspiracy, which is described in sweeping and general terms"). For example, instead of alleging how each defendant furthered the conspiracy through tortious conduct of its own, the Complaint only states: "each took affirmative steps required in order to achieve this desired result." *See* Complaint, ¶ 60. Such a vague allegation is insufficient to maintain an action for civil conspiracy. *See Kadar*, 549 F.2d at 233.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety.

Dated: February 17, 2006

Respectfully submitted,

/s/ Kathleen M. Guilfoyle
Richard P. Campbell (BBO #071600)
Kathleen M. Guilfoyle (BBO #546512)
CAMPBELL CAMPBELL EDWARDS
& CONROY P.C.
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

-and-

CONDON & FORSYTH LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 490-9100

Attorneys for Defendants
Iberia – Líneas Aéreas de España, S.A.
Japan Airlines International Company, Ltd.
KLM Royal Dutch Airlines
Qantas Airways Limited
Singapore Airlines, Ltd.
Virgin Atlantic Airways, Ltd.

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 17, 2006.

By:    /s/ Kathleen M. Guilfoyle

Randall A. Brater, Esq.
Arent Fox PLLC
1050 Connecticut Ave., NW
Washington, DC  20036-5339

Ronald H. Clark, Esq.
Arent Fox PLLC
1050 Connecticut Ave., NW
Washington, DC  20036-5339

David Ogden, Esq.
Wilmer Cutler & Pickering Hale and Dorr LLP
2445 M St. NW
Washington, DC  20037

Adam Raviv, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M St. NW
Washington, DC  20037

Ethan G. Shenkman, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M St. NW
Washington, DC  20037

Anita Johnson
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA  02210