UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
UNITED STATES OF AMERICA EX REL,            :
JENNIFER L. TEITELBAUM,
                                            :  **CIVIL ACTION NO. 04-12450-MEL**
                    Plaintiff,
                                            :
    -against-
                                            :
ALASKA AIRLINES, INC., AMERICAN AIRLINES,
INC., CONTINENTAL AIRLINES, INC., CHINA     :
EASTERN AIRLINES CORPORATION LIMITED,
CHINA SOUTHERN AIRLINES CORPORATION,        :
DEUTSCHE LUFTHANSA, A.G., D/B/A
LUFTHANSA AIRLINES, BRITISH AIRWAYS,
PLC, D/B/A BRITISH AIRWAYS, ALITALIA-
LINEE AEREE ITALIAN S.P.A., D/B/A ALITALIA  :
AIRLINES, SOUTHWEST AIRLINES CO., D/B/A
SOUTHWEST AIRLINES, VIRGIN ATLANTIC         :
AIRWAYS, AER LINGUS, AIR FRANCE, AIR
JAMAICA, HAWAIIAN AIRLINES, IBERIA          :
LINEAS AERGAS DE ESPAN, SA, D/B/A IBERIA
AIRLINES, JAPAN AIRLINES COMPANY, LTD,      :
D/B/A JAPAN AIRLINES, KLM ROYAL DUTCH
AIRLINES, QUANTAS EMPIRE AIRWAYS, LTD.,     :
D/B/A QUANTAS AIRWAYS, SINGAPORE
AIRLINES, AIR TRAN AIRWAYS, SA, ATA         :
AIRLINES, INC., AND JETBLUE AIRWAYS
CORP.,                                      :

                    Defendants.             :

------------------------------------- x

**ANSWER OF CHINA SOUTHERN AIRLINES COMPANY LTD.
TO PLAINTIFF-RELATOR'S AMENDED COMPLAINT**

Defendant China Southern Airlines Company, Ltd. ("CHINA SOUTHERN"), by its attorneys Campbell, Campbell & Edwards & Conroy, P.C. and Condon & Forsyth LLP, answers plaintiff's Amended Complaint ("Complaint") as follows:

1

1. To the extent that a response is required, denies the allegations in paragraph 1 and leaves all questions of law for the Court.

2. Denies the allegations in paragraph 2.

3. Denies the allegations in paragraph 3.

4. Denies the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 to the extent that any response is required to plaintiff's "definitions."

6-8. Admits paragraphs 6-8 only so far as they pertain to fees which actually apply to CHINA SOUTHERN and that are actually collected by CHINA SOUTHERN and denies all other allegations contained therein.

9. Denies the allegations in paragraph 9 and leaves all questions of law to the Court.

10. Denies the allegations in paragraph 10 and leaves all questions of law to the Court.

11. Denies the allegations in paragraph 11 and leaves all questions of law to the Court.

12. Denies the allegations in paragraph 12 and leaves all questions of law to the Court.

13-18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13-18.

19. Admits that CHINA SOUTHERN is a corporation organized in China with its executive offices located at Baiyon International Airport, Guang Zhuu, Guangdong, China, but denies that the remainder of paragraph 19.

20-36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20-36.

37-38. To the extent a response is required to plaintiff's quoting of federal statutes, admits the allegations in paragraph 37-38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 39.

40-61. Denies the allegations in paragraphs 40-61.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

62. The Complaint fails to state a claim against CHINA SOUTHERN upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

63. The Court lacks personal jurisdiction over the person of CHINA SOUTHERN.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

64. The Court lacks subject matter jurisdiction.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by the relevant statute of limitations set forth by federal and Massachusetts law.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

66. Plaintiff fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

WHEREFORE, defendant CHINA SOUTHERN demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated:  February 17, 2006

Respectfully submitted,

/s/ Kathleen M. Guilfoyle
Richard P. Campbell (BBO #071600)
Kathleen M. Guilfoyle (BBO #546512)
CAMPBELL CAMPBELL EDWARDS
& CONROY P.C.
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

-and-

CONDON & FORSYTH LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 490-9100

-and-

1016 16th Street, NW, Suite 700
Washington D.C. 20036
(202)-289-0500

Attorneys for Defendants
China Southern Airlines Company Ltd.

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 17, 2006.

                                              By:    /s/ Kathleen M. Guilfoyle

Randall A. Brater, Esq.
Arent Fox PLLC
1050 Connecticut Ave., NW
Washington, DC  20036-5339

Ronald H. Clark, Esq.
Arent Fox PLLC
1050 Connecticut Ave., NW
Washington, DC  20036-5339

David Ogden, Esq.
Wilmer Cutler & Pickering Hale and Dorr LLP
2445 M St. NW
Washington, DC  20037

Adam Raviv, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M St. NW
Washington, DC  20037

Ethan G. Shenkman, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M St. NW
Washington, DC  20037

Anita Johnson
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA  02210