UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TEITELBAUM,<br><br>Plaintiffs<br><br>v.<br><br>ALASKA AIRLINES, INC., et al.,<br><br>Defendants | Civil Action No.<br>04-12450-MEL |

## MOTION OF AIR FRANCE
## TO DISMISS THE AMENDED COMPLAINT

Defendant Air France moves to dismiss the *qui tam* amended complaint in this action: pursuant to Fed. R. 12(b)(6), for the reasons set forth in the memorandum in support of the Domestic Defendants' motion to dismiss the amended complaint dated February 13, 2006 (Docket No. 76) and in the memorandum in support of the Foreign Defendants' motion to dismiss the amended complaint dated February 17, 2006 (Docket No. 82); pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over the False Claims Act allegations, which are based on information that was publicly disclosed prior to the commencement of this action; and pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process on Air France.

As grounds for its motion to dismiss, Air France adopts and incorporates by reference, pursuant to Fed. R. Civ. P. 10(c), all arguments made in the Domestic

Defendants' memorandum (Docket No. 76) and the Foreign Defendants' memorandum (Docket No. 82).[1]

Dismissal is proper under Fed. R. 12(b)(6) because: (1) the amended complaint fails under the False Claims Act's "public disclosure" bar, 31 U.S.C. §§ 3730(e)(4)(A), (B), *see* Domestic Defendants' memorandum at 4-12; (2) the amended complaint fails to satisfy the particularity requirements of Fed. R. Civ. P. 9(b) for pleading fraud, *see* Domestic Defendants' memorandum at 12-15; (3) the relator lacks standing to bring common law claims on behalf of the United States, *see* Domestic Defendants' memorandum at 15-17; and (4) the amended complaint fails to state a claim for all of the other reasons discussed in Domestic Defendants' memorandum at 17-25.

Dismissal of the False Claims Act allegations of the amended complaint is proper also under Fed. R. 12(b)(1), because the Court lacks subject matter jurisdiction over the False Claims Act allegations, which are based on information that was publicly disclosed prior to the commencement of this action. *See* Domestic Defendants' memorandum at 4-12; Foreign Defendants' memorandum at 6-8 & n.2; 31 U.S.C. § 3730(e)(4)(A).

As grounds for its motion to dismiss the amended complaint under Rule 12(b)(5) for insufficiency of service of process, Air France submits that it has not been served with a summons directed to Air France. Plaintiffs attempted to serve Air France by sending a summons and the amended complaint via certified mail to Air France's

---

[1] *Harrington, et al. v. Delta Airlines, Inc., et al.*, Civil Action No. 04-12558 (D. Mass.)(NMG), involving allegations nearly identical to allegations in the instant case, and discussed in Domestic Defendants' memorandum at 7-8 and in Foreign Defendants' memorandum at 7, was recently dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See* Memorandum and Order dated November 21, 2006. (*Harrington* Docket No. 103)(Gorton, J.)(granting all defendants' motions to dismiss.)

2

headquarters in Paris, France. But the summons actually received by Air France was directed to a different defendant.[2] The 120-day time limit for service under Fed. R. Civ. P. 4(m) has expired.[3] Plaintiffs' failure to make proper service on Air France in a timely manner warrants dismissal of this action as to defendant Air France, without prejudice. *See* Fed. R. Civ. P. 4(m) and Local Rule 4.1(A).

### REQUEST FOR ORAL ARGUMENT

Air France requests oral argument on this motion. L. R. 7.1 (D).

Accordingly, Air France respectfully requests that this Court dismiss all of relator's claims with prejudice and grant such other and further relief as this Court deems just and proper.

Dated: February 23, 2006
/s/ Curtis C. Pfunder
Curtis C. Pfunder (BBO # 39770)
92 State Street
Boston, MA 02109
617 248-0200

Attorney for Air France

*Of Counsel:*
William R. Connor III, Esq.
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
212 376-6400

---

[2] Contrary to the proof of service of process as to Air France filed by plaintiffs on January 17, 2006 (Docket No. 49), the summons (and an accompanying cover letter) actually received by Air France at its headquarters in Paris, and faxed to its U.S. counsel, were directed to defendant Qantas Empire Airways, Ltd. d/b/a Qantas Airways. *See* summons and cover letter attached hereto.

[3] Per this Court's Order dated September 15, 2005 (Docket No. 13), the complaint was unsealed and plaintiffs were ordered to serve the defendants. Presumably the 120-day time for service provided under Fed. R. Civ. P. 4(m) expired on or about January 15, 2006.

### Certificate of Conference Under Local Rule 7.1(A)(2)

I certify that I attempted in good faith to resolve or narrow the issues presented in this motion with counsel for plaintiffs.

      /s/ Curtis C. Pfunder
      Curtis C. Pfunder

### Certificate of Service

I certify that I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record, on February 23, 2006

      /s/Curtis C.Pfunder
      Curtis C. Pfunder

23/12 '05 16:05 FAX 33 1 41566719           AIR FRANCE DB AJ                                    ☒003

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __MASSACHUSETTS__

UNITED STATES OF AMERICA EX REL,
JENNIFER L. TEITELBAUM,
        Plaintiff

V.

QANTAS EMPIRE AIRWAYS, LTD.,
d/b/a QANTAS AIRWAYS, et al.
        Defendants

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

## 04 12450 MEL

TO: (Name and address of Defendant)

QANTAS EMPIRE AIRWAYS, LTD,
d/b/a QANTAS AIRWAYS
ATTN: Geof Dixon, CEO
ABN 16009661901
203 Coward Street
Mascot 2020
New South Wales, Australia

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Evans J. Carter, Esq.
EVANS J. CARTER, P.C.
P.O. Box 812
Framingham, MA  01701

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.



CLERK

(By) DEPUTY CLERK

DATE  11/19/2004

```
23/12 '05 16:05 FAX 33 1 41566719      AIR_FRANCE DB AJ                    ☒002
```

# EVANS J. CARTER, P.C.

P.O. BOX 812
FRAMINGHAM, MA 01701
TELEPHONE: (508) 875-1669
TELEFAX: (508) 875-1449

E-Mail: ejcattyl@Verizon.net
Office: 860 Worcester Road (Rt. 9), 2nd Floor
Framingham, MA 01702

December 9, 2005

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

Geof Dixon, CEO
Qantas Airways Limited
ABN 16 009 661 901
203 Coward Street
Mascot 2020
New South Wales, Australia

    Re:    USA Ex Rel, Jennifer L. Teitelbaum
    vs.    Quantas Airways Limited, et al.
           U.S. District Court, District of Massachusetts,
           Civil Action No. 04-12450-MEL

Dear Mr. Dixon:

    Enclosed please find a summons to your airline as well as a copy of the Complaint in the above-stated case.

    Service of process is herewith made upon your airline pursuant to Massachusetts General Laws, Chapter 223A.

    As stated in the Complaint, an answer must be timely filed with the United States District Court in Boston, Massachusetts, or your airline may be defaulted.

    I remain

                                  Very truly yours,

                                  Evans J. Carter
                                  EVANS J. CARTER

EJC/nec

23/12 '05 16:05 FAX 33 1 41566719     AIR FRANCE DB AJ     ☑002

# EVANS J. CARTER, P.C.

P.O. BOX 812
FRAMINGHAM, MA 01701
TELEPHONE: (508) 875-1659
TELEFAX: (508) 875-1449

E-Mail: ejcatty1@Verizon.net
Office: 860 Worcester Road (Rt. 9), 2nd Floor
Framingham, MA 01702

December 9, 2005

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

Geof Dixon, CEO
Qantas Airways Limited
ABN 16 009 661 901
203 Coward Street
Mascot 2020
New South Wales, Australia

ENREGISTRÉ
A CL.DA
N°: NK 2005
05616
LE 6 DEC. 2005
TRANSMIS
LE
A DB.AJ
PHOTOCOPIES

Re:   USA Ex Rel, Jennifer L. Teitebaum
vs.   Quantas Airways Limited, et al.
      U.S. District Court, District of Massachusetts,
      Civil Action No. 04-12450-MEL

Dear Mr. Dixon:

Enclosed please find a summons to your airline as well as a copy of the Complaint in the above-stated case.

Service of process is herewith made upon your airline pursuant to Massachusetts General Laws, Chapter 223A.

As stated in the Complaint, an answer must be timely filed with the United States District Court in Boston, Massachusetts, or your airline may be defaulted.

I remain

Very truly yours,

Evans J. Carter

EVANS J. CARTER

EJC/nec