UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TEITELBAUM,  )<br>  )<br>  )<br>  )<br> **Plaintiffs,**  )<br>  )<br>  )<br> *v.*  )<br>  )<br> **ALASKA AIRLINES,** *et. al.,*  )<br>  )<br> **Defendants.**  )<br>  )<br>  ) | **Civil Action**<br>**No. 04-12450-MEL** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR ENTRY OF SEPARATE AND FINAL JUDGMENT BY AIR JAMAICA

The Defendant, Air Jamaica, submits this memorandum in support of its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and for entry of Separate and Final Judgment in favor of Air Jamaica, pursuant to Fed. R. Civ. P. 54 (b).  As grounds for this motion, Air Jamaica states that: (1) the Amended Complaint fails to state a claim against Air Jamaica upon which relief can be granted, either pursuant to the False Claim Act, 31 U.S.C. §§3729, 3730, or at common law; (2) the Court lacks subject matter jurisdiction over this matter due to the False Claims Act's "public disclosure" bar, 31 U.S.C. §§3730(e)(4)(a); (3) the Amended Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 9(b); and (4) the Plaintiff-Relator lacks standing to bring the common law claims asserted in Counts V through IX.  As allowance of the Motion to Dismiss will resolve all claims against Air Jamaica in this action, there is no just reason to delay the entry of separate and final Judgment in favor of Air Jamaica, pursuant to Fed. R. Civ. P. 54 (b).

## STATEMENT OF THE CASE

The Plaintiff-Relator, Jennifer Teitelbaum,[1] (hereinafter "Relator"), has asserted a *qui tam* action against various domestic and foreign airline carriers pursuant to the False Claim Act, 31 U.S.C. §§3729-3730 ("FCA"), which authorizes private individuals, under specific and limited circumstances, to litigate claims on behalf of the United States for violations of the FCA. The Relator has asserted that the various airline Defendants have acted unlawfully and in violation of the FCA in their handling of various taxes, fees, and related government charges included in the cost of non-refundable airline tickets.   More specifically, the Amended Complaint alleges that, as part of the sale of non-refundable tickets to passengers, the Defendants collected specific government-mandated charges and fees associated therewith, and that the Defendants failed to refund/reimburse these charges and fees to the passengers/customers who, ultimately, did not use the non-refundable tickets.[2]   The Realtor further alleges that after the passengers/customers had forfeited their non-refundable tickets, the Defendants failed to forward payment to the government for those charges and fees.   Ms. Teitelbaum contends that such conduct constitutes four separate violations of the FCA, Counts I-IV, and five separate violations of common law, Counts V-IX.   However, the Relator concedes that those charges and fees would have only become payable to the government if the passengers/customers had actually used the non-refundable tickets.   As the tickets were never used, the charges never became due or payable.

_____

[1] The Amended Complaint states that Ms. Teitelbaum is a resident of Massachusetts, but provides no specific information as to the basis of her knowledge sufficient to establish her capacity to bring this action under the FCA.

[2] Counsel for the Plaintiff had filed a corresponding action against some, but not all, of the Defendants in the present action, claiming that the charges and fees should have been reimbursed to the passengers/customers.  That action, *Harrington, et. al. v. Delta Air Lines, Inc.,* Civil Action No. 04-12558-NMG (D. Mass.), was dismissed on February 21, 2006.

**ARGUMENT**

**I.     The Claims Against Air Jamaica Should Be Dismissed, Pursuant To Fed. R. Civ. P. 12(b)(6), For Failure To State a Claim Upon Which Relief May Be Granted.**

A Complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted only if no liability could arise under any set of facts consistent with the Plaintiff's allegations. *Gorski v. New Hampshire Dep't of Corrections,* 290 F.3d 466, 473 (1st Cir. 2002). In ruling upon a motion to dismiss, the Court must accept as true the factual allegations of the Complaint, and all reasonable inferences must be drawn in favor of the plaintiff. *Moss v. Camp Pemigewassett, Inc.,* 312 F.3d 503, 506 (1st Cir. 2003). Air Jamaica recognizes the difficult burden upon a moving party under Rule 12(b)(6). However, based upon the facts alleged in the Amended Complaint, Air Jamaica can meet that burden. For the following reasons, all claims against Air Jamaica in the Amended Complaint must be dismissed, because it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". *Gorski, supra,* at 473.

The FCA imposes liability upon persons who 1) present or cause to be presented to the United States government, a claim for approval or payment, where 2) that claim is false or fraudulent, and 3) the action was undertaken knowingly. 31 U.S.C. §3729(a)(1) (b). However, the FCA does not give rise to potential liability for all alleged fraudulent conduct. Rather, it only applies to circumstances arising from the actual presentment of false or fraudulent claims to the government. As the Amended Complaint does not allege that Air Jamaica ever made any such claims upon the United States government, (nor that it made any false or fraudulent presentment to avoid payments owed to the government), no liability can exist under the FCA. *United States v. Rivera,* 55 F.3d 703, 709 (1st Cir. 1995).

In Counts I, II and IV of the Amended Complaint, the Relator asserts *qui tam* claims under which liability could only exist if false or fraudulent attempts had actually been made by the Defendant, Air Jamaica, knowingly, to obtain payment from the United States.  Not only does the Amended Complaint fail to allege that Air Jamaica ever presented or caused to be presented any false or fraudulent claim for approval or payment by the United States government, the facts alleged by the Relator actually establish affirmatively that no such claims were ever made by Air Jamaica in the context of the charges and fees at issue in this matter.

In Count III, the Relator asserts a "reverse false claim" under which liability could only exist if fraudulent attempts had actually been made by Air Jamaica to avoid making payments it actually owed to the United States.  However, as the Relator has conceded, specifically in paragraphs 9 through 12 of the Amended Complaint, the charges and fees ***never*** became due or payable to the United States, nor to any other governmental entity, department or agency, because the tickets in question were never used.

The Relator alleges that the Defendant airline carriers were mandated by the government to collect certain fees/charges and that such monies were required to be held in trust by the "collecting air carrier" for the "appropriate fee-levying authorities".  Amended Complaint at paragraphs 2, 5-12.  However, the Relator admits, unequivocally, that: "…the fee is required to be paid to the fee-levying authority ***only if or when*** the passenger actually 'uses' the 'service'…" and that "(i)f a passenger doesn't use the fee, (sic), the fee ***does not have to be paid*** to the fee-levying authority."  Amended Complaint at paragraphs 9 and 10.  (Emphasis supplied).

The Relator's resulting contention is that the fees that were retained by the Defendant airline carriers should have been refunded to the passenger/customers who failed to use their non-fundable tickets and thereby forfeited the amounts paid for those tickets.  Amended

Complaint at paragraphs 11, 40 and 52. The Relator does not present a single allegation that Air Jamaica ever made any claim for payment to the United States, nor that it was ever required by law to pay to the United States any monies collected as fees/charges/taxes upon the forfeiture of these non-refundable tickets. The FCA only relates to false statements and/or claims made to the United States government; it does ___*not*___ provide a mechanism for ***reimbursement to private parties***. The Amended Complaint not only fails to present sufficient facts upon which relief may be granted, the specific facts actually presented by the Plaintiff clearly establish that no liability can exist as to Air Jamaica. Consequently, all claims against Air Jamaica must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    Dismissal Is Also Mandated Pursuant To The FCA's Public Disclosure Bar For Lack Of Subject Matter Jurisdiction.

The Relator's claims against Air Jamaica are also subject to dismissal pursuant to Fed. R. Civ. P 12(b)(1), because the Court lacks proper subject matter jurisdiction over the alleged FCA violations. 31 U.S.C. §3730(e)(4)(A) provides that:

> No court shall have jurisdiction over an action under this section based upon the ***public disclosure*** of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative or Government accounting report, hearing, audit or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is ***an original source*** of the information.

(Emphasis supplied). The FCA provisions granting authority to individuals to litigate on behalf of the government were intended to encourage the filing of private *qui tam* actions, based upon information that could not otherwise be know or acquired by the government. However, the law includes provisions designed to prevent "parasitic" lawsuits, in which "relators, rather than bringing to light independently-discovered information of fraud, simply feed off of previous

disclosures of fraud [against the government]." *See United States ex. rel. Siller v. Becton Dickinson & Co., 21 F.3d 1339, 1347 (4th Cir. 1994).* In applying this "public disclosure bar", the Court must determine whether: (1) there has been a public disclosure; (2) whether the FCA allegations are based on this public disclosure; and if so, (3) whether the Relator is an "original source" of the information, entitling him or her to maintain the action despite the public disclosure. *United States ex rel O'Keefe v. Sverdup Corp.*, 131 F. Supp. 2d 87, 91 (D. Mass. 2001).

Pursuant to §3730(e)(4)(A), public disclosure can be arise in multiple contexts. Specifically, public disclosure can occur by way of litigation pending in the state or federal courts. *See United States ex. Rel. Hafter v. Spectrum Emergency Care,* 190 F.3d 1156, 1161 (10th Cir. 1999).  In this case, the factual allegations made by Relator in the Amended Complaint have existed in the public domain and have been subject to public and judicial discourse for many years.  The Relator's basic allegations in the present matter, (that the Defendants collected government-mandated charges and fees and failed to refund these charges and fees to customers when the non-refundable tickets were not used), are virtually identical to the allegations presented in *Harrington v. Delta Air Lines, Inc.,* Civil Action No. 04-12558-NMG (D. Mass.). Plaintiff's counsel in the present action filed the *Harrington* action in the Middlesex Superior Court, in Massachusetts, on November 4, 2004.[3]  The case was removed to this Court on December 6, 2004.  It was dismissed by Judge Gorton of this Court on February 21, 2006.

***After*** the November 4, 2004, filing of the *Harrington* action, and the resulting public presentation of the allegations in that action, Relator's counsel filed the original Complaint in the present action on November 18, 2004, in camera and under seal for the United States to

---

[3] A copy of the first page of the Middlesex Superior Court docket sheet in *Harrington* is attached hereto as Exhibit "A"

investigate its allegations pursuant to the FCA.  The United States filed a Notice of Election to Decline Intervention on September 14, 2005.  By Order dated September 15, 2005, this Court ordered the original Complaint to be unsealed and served upon Defendant airline carriers.  Consequently, based upon the filing of the *Harrington* action, the allegations and information forming the basis of the present action had been in the public domain at least since November 4, 2004.

Moreover, information concerning the fact that the Defendant airline carriers did not either pay the charges and fees in question to the United States or refund them to customers, had been in the public realm for almost a decade when Relator filed the original Complaint in November, 2004.  *Airports*, a newsletter published by *Aviation Week*, made reference to this matter in July, 1995, when it reported efforts by the Department of Transportation ("DOT") and Federal Aviation Administration ("FAA") to collect such fees from airline carriers.  *See Airports*, at 281 (vol. 12, Issue 29, July 18, 1995) (Copy attached as Exhibit "B").  In July 1999, the FAA also addressed the issue in a public document entitled "Passenger Facility Charge Audit Guide for Air Carriers" (Copy attached as Exhibit. "C").

The discussion of these issues in the public forum, in *Airports* and in the FAA publication, as well as the presentation of the allegations in the *Harrigton* action, clearly constitutes prior "public disclosure", satifying the first consideration in applying the "public disclosure bar" under *O'Keefe*.  As to the second consideration under the *O'Keefe* analytical framework, the Court must determine whether the Relator's allegations are based upon the previous public disclosure of the information.  In view of the fact that Plaintiff's counsel in the present action also represented the Plaintiffs in *Harrigton,* as well as the fact that the issues addressed in the *Airports* and FAA publications are virtually identical to the allegations in

Relator's Original Complaint and her Amended Complaint, there can be no doubt that these alleged FCA violations are "based upon" these previous public disclosures, thereby satisfying this second consideration under *O'Keefe*.

The Relator cannot meet the third criteria under *O'Keefe* unless she can demonstrate that she is an "original source" of the information presented in the public disclosures.  If she is not an original source, the action must be dismissed for lack of subject matter jurisdiction under §3730(e)(4)(A).  Significantly, the Amended Complaint provides absolutely no information concerning the basis or source of Ms. Teitelbaum's knowledge.   To qualify as an "original source," under §3730(e)(4)(A), a *qui tam* Plaintiff must be one "…who has ***direct and*** ***independent*** ***knowledge*** of the information on which the allegations are based."  *O'Keeffe*, at 93-94.  As the Realtor presents no information as to the source of her knowledge, and makes no claim that she is actually the "original source" of these alleged violations of the FCA, the Amended Complaint fails to establish any basis upon which Ms. Teitelbaum could be found to be an original source.  Consequently, her claims must be dismissed for lack of subject matter jurisdiction, pursuant to the "public disclosure bar" set forth in §3730(e)(4)(A).

### III.    Dismissal Is Also Mandated Due To The Plaintiff's Failure To Plead Claims With Appropriate Specificity As Required By Rule 9(b).

Under Fed. R. Civ. P. 8(a), a Complaint need only state "a short and plain statement of the claim showing that the plaintiff is entitled to relief".  However, there are recognized exceptions to Rule 8(a)'s simplified pleading standard.   Specifically, claims of fraud are subject to the heightened pleading requirements of Rule 9(b), which provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind may be averred generally." At a

minimum, the Complaint must provide the "'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Gublo v. Novacare, Inc.,* 62 F. Supp. 2d 347, 354 (D. Mass. 1999), (quoting *United States ex rel. Thompson v. Columbia / HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997). The purposes of the Rule 9(b) particularity requirement are: (1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit; and (3) to safeguard defendants from frivolous charges which might damage their reputation. *New England Data Services, Inc. v. Becher,* 829 F.2d 286, 289 (1st Cir. 1987). In the assertion of violations of the FCA, a *qui tam* Relator's allegations of fraud must specify the time, place and content of the alleged false or fraudulent representations. *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2003).

The Amended Complaint in the present action fails entirely to fulfill the pleading mandates of Rule 9(b), with respect to the claims presented against Air Jamaica. The Relator does not present a single allegation that Air Jamaica made any false claims or fraudulent representations to the United States government. *United States v. Rivera,* 55 F.3d 703, 709 (1st Cir. 1995). Evidence of an actual false claim is "the sine qua non of a *False Claims Act* violation." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1311 (11th Cir. 2002), cert. denied, 537 U.S. 1105, 154 L. Ed. 2d 774, 123 S. Ct. 870 (2003). The Relator has simply presented broad generalized allegations that the Defendant airline carriers collected fees or charges and that those fees or charges were not refunded to customers when the non-refundable tickets were not used. There are no allegations stated with any particularity as to when, where or under what circumstances Air Jamaica is alleged to have actually engaged in such conduct. The general accusations of the Amended Complaint are not supplemented with

any further detailed factual information relating specifically to alleged conduct by Air Jamaica, as required by Rule 9(b).  Moreover, as discussed previously, the Amended Complaint does not allege that Air Jamaica is responsible for any payments actually owed to the United States government.  It only alleges that the customers should have been entitled to reimbursement for the charges and fees. Consequently, the Relator's blanket allegations fail to satisfy the pleading requirements of Rule 9(b), and the generalized claims against air Jamaica, as pled in the Amended Complaint, must be dismissed.  *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2003).

**IV.    Plaintiffs Common Law Causes of Action Must Also Be Dismissed For Lack Of Standing.**

In Counts V through IX, the Realtor asserts various common law causes of action, including unjust enrichment, recoupment, fraud, disgorgement, imposition of a constructive trust, and civil conspiracy.  These common law claims must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1), as the Relator has no standing to assert such claims on behalf of the United States. Ms. Teitelbaum brought this action only on behalf of the United States; she has not asserted any claims in an individual capacity, or in any capacity other than as a Relator under the FCA. Moreover, based upon the facts alleged in the Amended Complaint, Ms. Teitelbaum would not have any basis for presenting individual causes of action against Air Jamaica, as she, herself, apparently never purchased any non-refundable tickets from Air Jamaica.[4]  The FCA does not assign to a Relator any right to assert common law claims on behalf of the United States, beyond those claims specifically established under the provisions of 31 U.S.C. §§3729-3730.  *See United*

---

[4] Ms. Teitelbaum was not a named Plaintiff in the corresponding *Harrington* action and Air Jamaica was not named as a Defendant in that action.  There are no allegations in either the *Harrington* action or the present action suggesting that Ms. Teitelbaum, or any of the named Plaintiffs in *Harrington*, ever purchased any tickets, non-refundable or otherwise, from Air Jamaica.

*States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass 2000).  As a

Relator in a *qui tam* action, Ms. Teitelbaum simply has no standing to bring any of the common

law claims asserted in Counts V through IX of the Amended Complaint.  Consequently, those

claims must be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12 (b) (1).


**CONCLUSION**

For the reasons stated above, the Defendant, Air Jamaica, respectfully requests that this

Court dismiss all claims asserted against Air Jamaica in this action, with prejudice and with

costs, and that it order the entry of Separate and Final Judgment in favor of Air Jamaica,

pursuant to Fed. R. Civ. P. 54 (b).



    Respectfully submitted,
    **AIR JAMAICA**
    By its attorneys,



    **/s/ Joseph L. Doherty, Jr.**
    Joseph L. Doherty, Jr., BB0# 127280
    Charles H. Riley III, BBO #630715
    Doherty & Quill
    225 Franklin Street, 26th Floor
    Boston, Massachusetts, 02110
Date:  March 2, 2006    (617) 217-2837

LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for Air Jamaica conferred with counsel for the plaintiff in a good faith effort to resolve or narrow the issues in dispute but was unable to do so.


**/s/ Joseph L. Doherty, Jr.**
Joseph L. Doherty, Jr., BB0# 127280


**CERTIFICATE OF SERVICE**

I, Joseph L. Doherty, Jr., hereby certify that on March 2, 2006, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to any counsel of record indicated as being non-registered participants.


Dated:  March 2, 2006                              **/s/ Joseph L. Doherty, Jr.**
                                                   Joseph L. Doherty, Jr.